RUDOLPH WINTER, Respondent, *v.* PETER DOELGER BREWING COMPANY, INC., Appellant.

First Department, December 29, 1916.

**Master and servant — Workmen's Compensation Law — injury to employees of brewery while delivering beer — when remedy under Workmen's Compensation Law exclusive.**

Where the driver of a motor truck employed by a brewery company to deliver beer was injured by a defective sidewalk elevator upon saloon premises which, although some distance from the defendant's, was owned by the defendant, the injury was not caused by the negligence of a third party but through that of plaintiff's employer, and hence, it having complied with the Workmen's Compensation Law, the employee cannot maintain a common-law action but is restricted to a proceeding under the statute.

APPEAL by the defendant, Peter Doelger Brewing Company, Inc., from an order and determination of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 14th day of June, 1916, reversing a judgment of the Municipal Court of the City of New York, borough of Manhattan, fourth district, and ordering a new trial.

*Frank J. O'Neill,* for the appellant.

*John J. McBride,* for the respondent.

McLAUGHLIN, J.:

This action was brought in the Municipal Court to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant. At the close of the trial the complaint was dismissed and from a judgment entered to that effect an appeal was taken to the Appellate Term, where the same was reversed and a new trial ordered. (95 Misc. Rep. 150.) The defendant then, by permission, appealed to this court.

The facts are undisputed. The plaintiff, at the time of the accident, was employed by the defendant to drive one of its motor trucks used in connection with its business in manufacturing and delivering beer. While delivering a number of barrels of beer to a saloon located on the corner of One Hundredth street and Central Park West, a sidewalk elevator upon which the beer had been placed fell by reason of a defect in it, and the plaintiff was injured. The building, including the elevator, was located some distance from defendant's brewery, but was owned and controlled by it. The Municipal Court held that the defendant having complied with the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1913, chap. 816, as re-enacted by Laws of 1914, chap. 41) the plaintiff had to proceed against the defendant under the statute, since it furnished the exclusive remedy, and for that reason a common-law action for negligence could not be maintained. The Appellate Term held — one of the justices dissenting — that notwithstanding the fact that the plaintiff had not proceeded under the statute, the action could, nevertheless, be main-

tained as a common-law action under the authority of *Lester* v. *Otis Elevator Company* (169 App. Div. 613.)

I do not think the authority relied upon has any application to the facts here presented. In that case the plaintiff was an employee of the firm of Bing & Bing, which had complied with the Workmen's Compensation Law. The plaintiff was injured, not by reason of the negligence of his employer, but through the negligence of a third party, the Otis Elevator Company, and this court held that a common-law action against such third party could be maintained without alleging and proving plaintiff's election to do so pursuant to section 29 of the Workmen's Compensation Law.

In the present case plaintiff was injured, not by reason of the negligence of a third party, but solely by reason of the negligence of his employer. The fact that the elevator and building were located some distance from the defendant's brewery did not make the defendant a third party or in any way change the relation existing between plaintiff and defendant. The employer, it is true, owned and controlled the building and elevator, but plaintiff's duties were to take beer from the brewery and deliver it to such places as the brewery company might direct. One of the places which it was supplying with beer was the saloon referred to, where the plaintiff was delivering beer as he had been directed to do. He was, therefore, at the time of his injury engaged directly in the work for which he had been employed. His relation to the defendant was precisely the same when delivering the beer that it was when he left the brewery. To hold, under the facts, that the brewery company ceased to be his employer and could be treated as a third party would, in effect, as it seems to me, destroy the whole scheme and purpose of the statute. The purpose of the statute is to provide a fixed schedule of the rates of compensation to be paid by employers to employees injured in the course of certain hazardous employments, irrespective of the fault occasioning the injury. To that end the employer is required to secure payment of the prescribed compensation in the manner pointed out in the statute. It is conceded that the plaintiff's employer — the defendant — had complied with all the provisions of the statute so that the plaintiff was fully protected under it and

could have applied for such compensation instead of claiming damages against the defendant upon the theory that as to the elevator where plaintiff was injured it was a third party. To give the statute such construction is to read into it provisions not there to be found, and to destroy the very purpose, it seems to me, sought to be accomplished by the act.

The determination of the Appellate Term, therefore, is reversed and the judgment of the Municipal Court affirmed, with costs in this court and in the Appellate Term.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Determination of Appellate Term reversed and judgment of Municipal Court affirmed, with costs in this court and in the Appellate Term.