[Civ. No. 8858. Second Appellate District, Division One.—February 2, 1935.]

ALEX. B. GROSS, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

Evans, Pearce & Campbell and Wilbur Bassett for Appellant.

Edmund Nelson, Goudge, Robinson & Hughes and David A. Sondel for Respondent.

SHINN, J., *pro tem.*—Plaintiff sues for damages for breach of a contract to convey real property. Sufficient allegations are found in the complaint of the making of the contract, the payment of the purchase money to defendant, and the delay of the defendant for more than one year thereafter to furnish the deed and evidence of the title contracted for. It appears from the complaint that the unpaid balance of the purchase price was agreed to be $1165.50, which sum was paid to defendant August 7, 1928, at which time plaintiff was assured that a deed and guarantee of title would be forthcoming. It is then alleged that plaintiff had an opportunity to sell the property at a profit of $5,925; that he informed defendant of that fact and entered into an agreement of sale; that defendant "failed and refused" to make the conveyance until on or about August 17, 1929, and that because of the delay plaintiff lost the opportunity to sell the property and has been damaged in the sum of $5,925, the profits he would have made on the sale.

At the commencement of the trial objection was made to the introduction of evidence upon the ground that the complaint failed to state a cause of action and a motion was made by defendant for judgment on the pleadings. The objection was sustained, the motion granted, and from the judgment entered plaintiff prosecutes this appeal.

The rulings of the court were correct. Under the provisions of section 3306 of the Civil Code damages in such a case are limited to the price paid and the expenses properly

incurred in examining the title and preparing the necessary papers, adding thereto in case of bad faith the excess of the value over the price to be paid and the expenses properly incurred in preparing to enter upon the land.

It appears from the complaint that the entire damage alleged to have been sustained consisted of the claimed loss of profits. This is not an allowable measure of recovery in a case of this nature.

No bad faith on the part of the defendant was alleged nor was there allegation of facts from which bad faith could be inferred. It is true that a refusal to convey property pursuant to contract obligations, where such refusal is unexcused or wilful, is sufficient to show bad faith, but in the complaint in question no such facts were alleged. It was not alleged that defendant was able to furnish the deed and evidence of title or that it was unwilling to do so nor was anything alleged to show that its failure was not attributable to causes entirely beyond its control. The allegation that defendant "failed and refused" to furnish the deed and guarantee is entirely insufficient.

The case is ruled in its essential features by *Coger* v. *Wiltsey*, 117 Cal. App. 652 [4 Pac. (2d) 302], and cases therein cited.

When the deficiencies of the complaint were pointed out on the motion for judgment on the pleadings, plaintiff did not seek leave to amend. It therefore fairly appears that the complaint stated the case as favorably to plaintiff as was possible.

■ Appellant seeks to rely upon certain of the allegations of defendant's answer to the effect that defendant at all times acted in the utmost good faith and furnished the deed and guarantee as soon as possible under the circumstances. This allegation appellant says is deemed to be denied and it is urged in support of the sufficiency of the complaint that the question of good faith was thereby put in issue and that this particular defect in the complaint was therefore remedied and the complaint made sufficient as against a motion for judgment on the pleadings. The argument is unconvincing and is opposed to the rule that a motion by a defendant for judgment on the pleadings tests the sufficiency of the complaint. (*Heinsbergen* v. *Jenking*, 113 Cal. App. 394 [298 Pac. 104].) In any event the com-

plaint was insufficient, as the right to recover was predicated solely upon the alleged loss of profits and not upon the difference between the price paid and the value of the property. The complaint contained no allegation as to value and the value cannot be inferred from the alleged fact that plaintiff had an opportunity to resell the property at an advanced figure. Plaintiff, having elected to stand on the complaint without seeking leave to amend, submitted to the court the question whether he would be entitled to recover judgment upon proof of all the facts alleged in the complaint. The court ruled correctly in favor of the defendant and the judgment is therefore affirmed.

Houser, Acting P. J., and York, J., concurred.