ROSA DE GIUSEPPE, as Administratrix of the Estate of GIOVANNI DE GIUSEPPE, Deceased, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, Kings County, November 25, 1946.

*Mabel E. Arcuri* and *Fred M. Ahern* for plaintiff.

*John J. Bennett, Corporation Counsel (Joseph E. Murphy and Stanley Buchsbaum* of counsel), for defendant.

WALSH, J. In this death action the facts have been stipulated and submitted to the court pursuant to an order herein for the purpose of having the court pass upon the sole question at issue and now before it. The undisputed facts are: Plaintiff's intestate was an employee of the Department of Sanitation of the City of New York. While engaged in the performance of duties within the scope of his employment, he was struck by a trolley car owned and controlled by the city and operated by an employee of the Board of Transportation, an agency of the city. The city had secured coverage for the intestate under the provisions of the Workmen's Compensation Law.

The question presented herein is whether the plaintiff's remedy is confined to an award under the Workmen's Compensation Law or whether, on the contrary, an action at common law is maintainable against the defendant as if the latter were *a third party.*

Plaintiff contends that she is clothed with a right to maintain an action under section 130 of the Decedent Estate Law. In support of such contention she relies upon subdivision 6 of section 29 of the Workmen's Compensation Law wherein it is provided that: " The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong *of another in the same employ.* (Italics supplied.) She urges that since the Department of Sanitation and the Board of Transportation are separate and distinct agencies of the city, and the former is not a business for pecuniary gain, whereas the latter is, it necessarily follows that the intestate was not killed by the negligence or wrong of another *in the same employ,* and that, therefore, the right to compensation or benefits under the statute is not the exclusive remedy.

If the above-quoted provision be read in conjunction with section 11 of the Law, the weakness of the plaintiff's position becomes immediately apparent. The latter section provides: " The liability of an employer * * * *shall be exclusive and in place of any other liability whatsoever* * * *.*" (Italics supplied.)

The language of this provision is explicit; it permits of no ambiguity. It completely bars the maintenance of a common-

law action. Even total divergence in the nature of the duties performed by separate classes of individuals employed by a common employer does not constitute, either expressly or by fair implication, a basis upon which to predicate an exception to the operation of the statute. The interpretation sought to be placed on subdivision 6 of section 29 by plaintiff would render meaningless the provisions of section 11. Under plaintiff's interpretation an employer's liability for injury to or death caused by the injury of an employee would not be " exclusive and in place of any other liability whatsoever " and thus such interpretation would be in clear contradiction of the plain words of the section. The statute, of course, saves to an employee the right to proceed against a third party in a common-law action, but it is obvious that a defendant cannot simultaneously be two distinct entities, i.e., an employer and also a third party; for a third party is one who has no connection whatever with the relationship of employer and employee — a stranger to that relationship. But here, the employer of the trolley car operator was the City of New York and the employer of plaintiff's intestate was likewise the City of New York. No amount of argument on plaintiff's part, however forceful or fanciful, can provide an escape from this salient fact and destroy the applicability of section 11 (*Bogartz* v. *Astor*, 293 N. Y. 563, 566).

Although there seems to be a paucity of direct judicial authority in this State upon the subject, there are decisions which analogously would seem to justify the conclusions which the court has reached herein. Thus, in *Winter* v. *Doelger Brewing Co., Inc.* (175 App. Div. 796, affd. 226 N. Y. 581), the court was called upon to consider a somewhat comparable situation. There the plaintiff was employed by the defendant to drive one of its beer trucks. While delivering beer at a saloon, plaintiff was injured as a result of the negligent maintenance of a sidewalk elevator connected with the building which was owned by his employer. It was held that the plaintiff could not sue the employer for negligence but was confined to a proceeding under the Workmen's Compensation Law. The court said, at page 798, that: " His relation to the defendant was precisely the same when delivering the beer that it was when he left the brewery. To hold, under the facts, that the brewing company ceased to be his employer and could be treated as a third party would, in effect, as it seems to me, destroy the whole scheme and purpose of the statute."

The *Winter* decision (*supra*) has recently been cited with approval by the Court of Appeals in *Williams* v. *Hartshorn* (296 N. Y. 49). In that case it was sought to hold liable, as an individual, a member of a partnership who was also the sole owner of a building in which the partnership business was conducted and in which the employee met his death through the alleged negligence of the owner. The court held that the action could not be maintained, stating in part that (p. 51): " Regardless of his status as owner of the premises where the injury occurred, an employer remains an employer in his relations with his employees as to all matters arising from and connected with their employment. He may not be treated as a dual legal personality, ' a sort of Dr. Jekyl and Mr. Hyde '. * * * Accordingly, defendant, as employer, was absolved from ' any other liability whatever * * * at common law or otherwise on account of such * * * death '. (Workmen's Compensation Law, § 11 * * *.) "

The decision of the court in *Bross* v. *City of Detroit* (262 Mich. 447) is in point. In that case, the plaintiff was injured in a collision between a hook and ladder truck which he was driving and a street car at an intersection in the city of Detroit. At the time of the accident he was an employee of the city fire department. The street railway system was also owned and operated by the city. The plaintiff attempted to sue the city at common law despite the fact that, pursuant to a statutory provision, he was also covered by workmen's compensation. The court, in denying his right to maintain the common-law action stated (p. 450): " It is contended by the plaintiff, that, as the city of Detroit owned and operated its street railway system, the agency that caused his injury, which was a function distinct from that in which he was employed, the city was ' some person other than the employer,' within the meaning of the above-quoted provision of the statute.

" No authorities are cited by the plaintiff to support this contention. It is too plainly untenable to require argument. Nor is there any merit to the claim that because the city was operating a street railway system as a private enterprise the workmen's compensation law has no application."

Plaintiff cannot, as here attempted, escape the applicability of that decision to the present state of facts upon the ground of a variance respectively in the controlling provisions of law. A consideration of the Michigan statutes discloses that in fact there is no substantial variance. Section 8410 (2 Comp. Laws

of 1929) of the Laws of the State of Michigan is basically to the same effect as is section 11 of the Workmen's Compensation Law of this State in that each provision of law deprives an employee of the right to maintain a common-law action for damages against his employer.

Answering the question submitted, the court holds that the plaintiff is limited to recovery under the Workmen's Compensation Law and does not have the right to this action at common law. The complaint is dismissed. Submit judgment.