[Civ. No. 14163.    First Dist., Div. Two.    June 9, 1950.]

CHARLOTTE E. WALKER et al., Appellants, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

William P. Golden and Jesse H. Miller for Appellants.

Dion R. Holm, City Attorney, and George E. Baglin, Deputy City Attorney, for Respondent.

GOODELL, J.—This action was brought by the widow and two minor daughters of John W. Walker to recover $75,000 damages for alleged negligence resulting in his death.

Respondent filed a general demurrer which was overruled, and after answering, it moved for judgment on the pleadings. The motion was granted, judgment entered, and this appeal taken.

On July 24, 1944 the decedent, a member of the San Francisco Fire Department, was on his fire truck responding to an alarm when, at the intersection of Duncan and Church Streets, a streetcar of the municipal railway ran into the truck. From injuries then received he died the same day.

The face of the complaint shows that decedent was an employee of the city and county, which owns and operates the municipal railway. Appellants contend that because the railway is operated by respondent in its proprietary capacity, while fire protection is a governmental function, the problem should be treated legally as if decedent had been an employee of one corporate entity, functioning governmentally, and the motorman and conductor (whose negligence is admitted for the purpose of the motion) employees of another, functioning in a proprietary capacity. Respondent stands simply on the fact that the complaint shows that decedent was fatally injured within the course of his employment, hence that his dependents are limited, as far as his employer is concerned, to the award of compensation declared by sections 3600-3601, Labor Code, to be the exclusive remedy.

Labor Code, section 3600, prescribes the essential conditions of compensation in part as follows: "(a) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division. (b) Where, at the time of the injury, the employee is performing service

growing out of and incidental to his employment and is acting within the course of his employment. (c) Where the injury is proximately caused by the employment, either with or without negligence . . .''

Appellants contend that decedent's fatal injury did not *arise out of* his employment, hence with one of the conditions absent the case is not within the act. They argue that the injury arose out of the violation by the railway and its employees of Vehicle Code, section 554, which provides that upon the approach of an emergency vehicle ''. . . The motorman of every street car shall immediately stop such car clear of °any intersection and keep it in such position until the authorized emergency vehicle has passed . . .'' They claim that the purpose of section 554 is ''to safeguard the lives of the fire fighting personnel and prevent the disabling or destruction'' of such vehicles. That of course is true, but the argument answers itself since manifestly the risk of collision in going at top speed to a fire is one of many risks inherent in a fireman's occupation and not at all common to all persons alike. ''All that is required is that the hazard to which the workman has been exposed be recognized as inherent in the nature of the work and the conditions under which it is to be done, rather than external or foreign to it.'' (Prosser on Torts, Hornbook Series, p. 534.) See *Freire* v. *Matson Navigation Co.,* 19 Cal.2d 8, 13 [118 P.2d 809] ; *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.,* 26 Cal.2d 286, 289 [158 P.2d 9, 159 A.L.R. 313] ; *Globe Indemnity Co.* v. *Industrial Acc. Com.,* 36 Cal.App. 280 [171 P. 1088], and *Industrial Indemnity Co.* v. *Industrial Acc. Com.,* 95 Cal.App.2d 804, 813-814 [214 P.2d 41]. We are satisfied that decedent's fatal injury arose directly out of his employment, hence there existed a concurrence of the conditions of section 3600.

In pressing their argument respecting separate entities appellants cite *Hanley* v. *Marsh & McLennan-Davis & Son,* 46 Cal.App.2d 787 [117 P.2d 69], which follows *Esberg* v. *Badaracco,* 202 Cal. 110 [259 P. 730] in holding that the San Francisco School District is an entity distinct from the city and county. There is no parallel between that case and this, since school districts are recognized as separate legal entities from the counties or municipalities wherein they function. (*Butler* v. *Compton etc. District,* 77 Cal.App.2d 719, 728 [176 P.2d 417], and its citations.)

Appellants also suggest an analogy between the present

situation and the case of a large, parent corporation which owns a smaller corporation "lock, stock and barrel," and argue that an employee of the larger one, injured by a vehicle of the smaller one, would still have his common-law remedy for damages against the latter, and could not be relegated to workmen's compensation simply because the smaller corporation was owned by the larger. Of course not. But that is as clear an example of two corporate entities as the one supplied by a school district and a municipality.

In *Park* v. *Union Mfg. Co.*, 45 Cal.App.2d 401 [114 P.2d 373], the plaintiff, who was injured in the course of her employment while working for two partners, brought suit for damages against *Union Manufacturing Company, a copartnership,* composed of the two partners by whom she was employed, on the theory that the copartnership, (doing business under the fictitious name) was a legal entity separate and distinct from her two employers. A judgment for plaintiff was reversed on the ground that there were not two entities and that her remedy under the workmen's compensation act was exclusive.

In *City of Pasadena* v. *Railroad Commission,* 183 Cal. 526, 530 [192 P. 25, 10 A.L.R. 1425], it was claimed that a city operating a public utility should be treated as a private corporation engaged in the same business, notwithstanding the fact that the city carried on such business as a municipal corporation. The court held that "It is not true that a city is a private corporation when carrying on a municipally owned public utility." That case was followed in *Irilarry* v. *City of San Diego,* 186 Cal. 535, 538 [199 P. 1041], and in *Irish* v. *Hahn,* 208 Cal. 339, 344 [281 P. 385, 66 A.L.R. 1382], where the court said: "The distinction between the governmental and proprietary functions was never made for the purpose of adding to or detracting from either as a public function, but for the purpose of determining the liability of the municipality in tort."

With respect to the tort liability of a public corporation operating a utility in its proprietary capacity see *People* v. *Superior Court,* 29 Cal.2d 754, 761-2 [178 P.2d 1].

Appellants have not cited any case in this state or elsewhere, decided since the advent of workmen's compensation, which supports their contention.

On the other hand there are numerous authorities which have followed the plain language of section 3601, Labor Code (and its parent section), which provides that "Where the

conditions of compensation exist, the right to recover such compensation . . . is . . . the exclusive remedy against the employer for the injury or death.''

In *Alaska Packers Assn.* v. *Industrial Acc. Com.*, 200 Cal. 579, 583 [253 P. 926], the court said: ''The California Workmen's Compensation Act provides the only means by which an injured employee can recover compensation from his employer for injuries received in the course of and arising out of his employment, and it abrogates the common-law liability of the master for such injuries in the cases to which it is applicable. [Citation.] The obvious intent of the act was to substitute its procedure for the former method of settling disputes arising between those occupying the strict relationship of master and servant, or employer and employee, by means of actions for damages. [Citation.] It substitutes a new system of rights and obligations for the common-law rules governing the liability of employers for injuries to their employees. [Citation.] When the specified conditions exist, the remedy provided by the act is exclusive of all other statutory or common-law remedies. [Citation.]''

Later cases are *Freire* v. *Matson Navigation Co.*, 19 Cal.2d 8, 10, *supra*, *Baugh* v. *Rogers*, 24 Cal.2d 200, 207 [148 P.2d 633, 152 A.L.R. 1043], *Burton* v. *Union Oil Co.*, 129 Cal.App. 438 [19 P.2d 9], *Buttner* v. *America Bell Tel. Co.*, 41 Cal. App.2d 581 [107 P.2d 439], and *Jiminez* v. *Liberty Farms Co.*, 78 Cal.App.2d 458, 459 [177 P.2d 785].

Appellants cite *Turner* v. *City of Indianapolis* (1884), 96 Ind. 51, where a fireman was injured when the chief's buggy which he was driving to a fire was overturned by an obstruction in the street. He was held entitled to damages against the city, his employer, for its negligence. This was before Indiana had workmen's compensation. After its adoption the same court held (1942) that a fireman was within the act (*City of Huntington* v. *Fisher*, 220 Ind. 83 [40 N.E.2d 699]).

Appellants rely also on *Coots* v. *City of Detroit* (1889), 75 Mich. 628 [43 N.W. 17, 5 L.R.A. 315], where the plaintiff was driving an engine to a fire when it ran into a hole in the street, causing serious injuries. A judgment in his favor against his employer, the city, was affirmed. This, also, was before Michigan had workmen's compensation.

Respondent cites *Bross* v. *City of Detroit* (1933), 262 Mich. 447 [247 N.W. 714], a case on all fours with the present one, where the plaintiff fireman was injured in a collision between

the hook and ladder on which he was riding and a municipally owned streetcar. The same court which had held in the Coots case that a fireman could sue the city held, because of the workmen's compensation law, that he could not do so. In affirming a judgment based on a directed verdict the court said: "It is contended by the plaintiff that, as the city of Detroit owned and operated its street railway system, the agency that caused his injury, which was a function distinct from that in which he was employed, the city was 'some person other than the employer' within the meaning of the above-quoted provision of the statute. No authorities are cited by the plaintiff to support this contention. It is too plainly untenable to require argument. Nor is there any merit to the claim that, because the city was operating a street railway system as a private enterprise, the Workmen's Compensation Law has no application."

The Bross case is cited in *De Guiseppe* v. *City of New York*, 66 N.Y.S.2d 866 (affirmed 273 App.Div. 1010 [79 N.Y.S.2d 163]). There damages were sought for the death of an employee of the city's department of sanitation who, while performing duties within the scope of his employment, was struck by a municipally owned trolley car negligently operated by an employee of the city's board of transportation. The plaintiff contended (as these appellants do) that since the two agencies of the city were separate and distinct, the sanitation department not being a business for pecuniary gain while the board of transportation was, the decedent was not killed by the negligence of another in the same employ, hence the right to compensation was not the exclusive remedy. The court said: "The statute, of course, saves to an employee the right to proceed against a third party in a common-law action, but it is obvious that a defendant cannot simultaneously be two distinct entities, i.e., an employer and also a third party; for a third party is one who has no connection whatever with the relationship of employer and employee—a stranger to that relationship. But here, the employer of the trolley car operator was the City of New York and the employer of plaintiff's intestate was likewise the City of New York. No amount of argument on plaintiff's part, however forceful or fanciful, can provide an escape from this salient fact and destroy the applicability of Sec. 11. *Bogartz* v. *Astor*, 293 N.Y. 563, 566, 59 N.E.2d 246." The court noted that "there seems to be a paucity of direct judicial authority" in New York upon the subject but stated that there were decisions which "analogously would

seem to justify the conclusions which the Court has reached herein," citing *Winter* v. *Peter Doelger Brewing Co., Inc.,* 175 App.Div. 796 [162 N.Y.S. 469] (affirmed 226 N.Y. 581 [123 N.E. 895]), and *Williams* v. *Hartshorn,* 296 N.Y. 49 [69 N.E.2d 557, 558], as well as *Bross* v. *City of Detroit* (Mich.), *supra.* In *Williams* v. *Hartshorn, supra,* the Court of Appeals said: "Regardless of his status as owner of the premises where the injury occurred, an employer remains an employer in his relations with his employees as to all matters arising from and connected with their employment. He may not be treated as a dual legal personality, 'a sort of Dr. Jekyl and Mr. Hyde.'" The court there drew on California for authority, citing *Park* v. *Union Mfg. Co.,* 45 Cal.App.2d 401, *supra.*

■ The Michigan Bross case and New York De Guiseppe case are directly in point. Those cases answer appellants' argument based on section 3852, Labor Code. That section makes it clear that notwithstanding an employee is awarded workmen's compensation he may still sue a third person for negligence. Here, as held in the Michigan and New York cases, there is no third person excepting defendant Hirschbrunner, the motorman of the municipal car, whose liability, if any, is not affected by this motion.

Appellants contend that the motion was improperly granted since the allegations of the complaint as amended had to be taken as true, as on demurrer (*Williams* v. *San Francisco,* 24 Cal.App.2d 630 [76 P.2d 182]; *Gross* v. *Bank of America,* 4 Cal.App.2d 353, 355 [41 P.2d 178], 21 Cal.Jur. p. 240). That is true with respect to well pleaded allegations of *fact.*

■ But the allegations that the city and county functioned as two separate entities, proprietary and governmental, and that in its proprietary capacity *it was not decedent's employer,* were mere conclusions and not allegations of fact and "the conclusions of the pleader will be controlled by the particular facts alleged from which the conclusions are drawn" (*Deming* v. *Smith,* 19 Cal.App.2d 683 [66 P.2d 454]). The manner in which the city and county functions is within the judicial knowledge of the court (Code Civ. Proc., § 1875) and on such a motion, as on demurrer, the pleading must be read as if it contained a statement of all matters subject to judicial notice, even when it contains an express allegation to the contrary (*Livermore* v. *Beal,* 18 Cal.App.2d 535, 540 [64 P.2d 987]). It follows that the allegations of fact told the court nothing

that it did not already know from its judicial knowledge, and that the conclusions of law were ineffective.

We are not unmindful of the fact that it would be decidedly to the advantage of decedent's widow and children (as in other cases cited earlier) to be able to maintain, as against the city and county, this action for damages rather than to accept an award of workmen's compensation. Had the collision involved the car of a private utility (or "any person other than the employer," Lab. Code, § 3852) such action of course could have been prosecuted (e. g., *Bencich* v. *Market Street Ry. Co.*, 29 Cal.App.2d 641 [85 P.2d 556]). Had decedent been injured while not "within the course of his employment" he could have maintained such an action against his employer (e. g., *Sullivan* v. *City and County of San Francisco*, 95 Cal.App.2d 745 [214 P.2d 82]). Appellants, however, find themselves confronted by the rule of sections 3600-3601 and the cases which have consistently followed it ever since California has had workmen's compensation, holding that if the injury falls within the scope of the act a proceeding thereunder constitutes the exclusive remedy (*Freire* v. *Matson Navigation Co., supra.*) In the latter case the court said "The rule is not altered because a plaintiff believes that he can establish negligence on the part of his employer and brings a civil suit for damages."

The complaint as amended alleges facts showing appellants' exclusive remedy to be within the compensation provisions of the Labor Code, hence the motion was properly granted.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 3, 1950.