**Edgar S. OSBORNE, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF PUBLIC SAFETY et al.,**
**Appellees.**

Court of Appeals of Kentucky.

Jan. 26, 1962.

Francis M. Burke, Pikeville, for appellant.

John B. Breckinridge, Atty. Gen., Troy Savage, Asst. Atty. Gen., for appellees.

MOREMEN, Judge.

The appellant, Edgar S. Osborne, was an employee of the Department of Highways of the Commonwealth of Kentucky. The Department had elected to operate under the Workmen's Compensation Act by virtue of KRS 342.010, which reads in part as follows:

> " 'Employer' as used in this chapter includes municipal corporations and any subdivision or corporation thereof. Any election with reference to this chapter shall be exercised by the law-making or other governing body thereof. 'Employer' as used in this chapter also includes all departments, boards,

commissions, and all superintendents or receivers of penal or eleemosynary institutions managed or directed by the Department of Welfare or any other department or agency of the Commonwealth of Kentucky. Any election with reference to this chapter shall be exercised by the Commissioner of Finance."

■ Osborne was injured severely while in the course of his employment when struck by an automobile driven by a state trooper who was an employee of the Department of Public Safety of the Commonwealth of Kentucky. Osborne applied for and was paid the sum of $4,086.00 by the compensation insurer for the Department of Highways. Thereafter appellant filed a damage suit against the state trooper personally in the Pike Circuit Court. The record does not disclose the disposition of this suit. Thereafter appellant filed a claim for this same injury with the Board of Claims against the Department of Public Safety of the Commonwealth of Kentucky and sought damages in the sum of $10,000.-00. The Department by answer pled that. Osborne was an employee of the Department of Highways of the Commonwealth of Kentucky and had been paid the compensation benefits to which he was entitled. and by the acceptance of that compensation he was barred from filing claim under Chapter 44 of the Kentucky Revised Statutes on the theory that one cannot sue an employer for common law liability after having accepted the benefits under the Workmen's Compensation Act. The Board of Claims dismissed Osborne's complaint. This action was appealed to the Pike Circuit Court where again judgment was entered dismissing the claim. It is from this judgment that this appeal has been taken.

Appellant argues that under KRS 342.010, above quoted, the Commonwealth of Kentucky was not the common employer of both appellant, who worked for the Department of Highways, and the state trooper, who. worked for the Department of Public Safe-

ty, because the Act had by its terms designated each department as being a separate employer and, therefore, appellant was entitled to recover from the Department of Public Safety under KRS 342.055, which reads:

"Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employe may claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both. If the injured employe elects to proceed at law by civil action against such other person to recover damages, he shall give due and timely notice to the employer of the filing of such action. If compensation is awarded under this chapter, either the employer or his insurance carrier, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employe from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employe."

In other words, appellant argues that under KRS 342.010 the departments of the Commonwealth and not the Commonwealth itself are the "employers" and, under KRS 342.055, when the employee of one department of the Commonwealth is injured by an employee of another department, we have "circumstances creating in some other person than the employer a legal liability to pay damages."

By authority of KRS 12.020 the functions of the state are divided among the constitutional administrative departments, statutory administrative departments and independent agencies. The Department of Highways and the Department of Public Safety are classified as being statutory administrative departments. No attempt is made in Chapter 12 of Kentucky Revised Statutes to separate these departments from the Commonwealth. Its intention (according to KRS 12.025) is "to promote greater economy, efficiency and improved administration in the statutory administrative departments of State Government." Except as otherwise expressly provided by law, the heads of statutory administrative departments are appointed by the Governor. KRS 12.040. It is plain in Chapter 12 that only the administrative duties are delegated—there is no complete separation of the ministerial agencies, all are parts of the whole Commonwealth.

When we return to consideration of KRS 342.010, first above quoted, which is a section of the Workmen's Compensation Act, we find that the General Assembly was granting to governmental entities the same right to accept the provisions of the Act as have private individuals. By subsection (1) of KRS 342.003, "Employer" was defined to "mean and include individuals, partnerships, voluntary associations, and private corporations." KRS 342.010 extended the definition to include certain public bodies and departments of the state. In the case of municipal corporations, the right to elect to operate under the Act was given to "the law-making or other governing body thereof," and in the case of state departments the right was delegated to department heads. This extension of the Act so that it could include governmental bodies was accomplished by means of extending meaning of the word, "Employer." We will not sophisticate this simple provision by reading into it an intention of the General Assembly to nullify all the other statutes dealing with state organization and responsibility, and to divorce departments from the source of their existence.

Appellant, himself, negated his theory as to who was his real employer and the

employer of the state trooper. Chapter 44 of the Kentucky Revised Statutes, which sets up the Board of Claims with whom he filed this claim contains this restriction in § 44.120:

"An award shall be made only after consideration of the facts surrounding the matter in controversy, and no award shall be made unless the board is of the opinion that the damage claimed was caused by such negligence on the part of the Commonwealth or its agents as would entitle claimant to a judgment in an action at law if the state were amenable to such action."

KRS 44.070 provides that compensation may be allowed only for damages sustained "as a proximate result of negligence on the part of the Commonwealth, any of its departments or agencies, or any of its agents or employees while acting within the scope of their employment by the Commonwealth or any of its departments or agencies."

By these two sections the common law doctrine of respondeat superior is accepted in cases of claims upon the treasury of the Commonwealth. This doctrine merely affirms the principle that when one acts through the agency of another, in legal contemplation, he is, himself, acting and therefore is responsible. But he is never responsible when the actor is not his agent, servant or employee, who is acting in his behalf. So, if appellant and the state trooper were not employees of the Commonwealth and were employees of independent agencies, the theory of respondeat superior has no application. We conclude that both persons were employees of the Commonwealth.

As was stated in Miller v. Scott, Ky., 339 S.W.2d 941, "the employee, under KRS 342.015(1) upon acceptance of the act, agrees that the 'arbitration board' shall have jurisdiction of all accidents arising out of and within the course of his employment including accidents caused by the negligence of fellow employees."

The Board of Claims properly refused to entertain appellant's claim and the circuit court was correct in affirming such action.

Judgment affirmed.