Raymond W. JANSEN and Bernadine
Jansen, Appellants,

v.

Ronald HARMON d/b/a Harmon Heating
Service and Louie Katzman a/k/a
Louis Katzman, Appellees.

No. 53171.

Supreme Court of Iowa.

Jan. 14, 1969.

Ronald E. Runge, of Runge & Runge, Sioux City, for appellants.

J. R. Miller, of Miller, Miller & Miller, Cherokee, for appellees.

MASON, Justice.

Plaintiffs Raymond W. and Bernadine Jansen appeal from trial court's ruling sustaining defendant Louie Katzman's special appearance attacking the court's jurisdiction of the subject matter of plaintiffs' action under the provisions of rules 66 and 104(a), Rules of Civil Procedure.

Jansen and his wife had joined in a law action, individually alleging in separate divisions specific acts of negligence and the doctrine of res ipsa loquitur. Each sought separate recovery for injuries sustained by the husband when he was struck on the head and body by a wooden post falling down an elevator shaft from the second floor of Katzman's building.

Mrs. Jansen's claim for damages is based on alleged loss of her husband's consortium. Her right to recover is coextensive with the right of her husband. Ordinarily the wife is not entitled to conse-

quential damages for injuries to her husband where defendants are not guilty of a tort which would give a right of action to the husband. Ziegler v. United States Gypsum Co., Inc., 251 Iowa 714, 715–716, 102 N.W.2d 152, 153, quoting from 41 C.J. S. Husband and Wife § 401c, and citing other authorities. Mr. Jansen will therefore be referred to as plaintiff.

Katzman and his tenant Ronald Harmon, who operated as Harmon Heating Service, were named as defendants. Since Harmon is not a party to this appeal Louie Katzman, sometimes known as Louis Katzman, will be referred to as defendant.

I. Plaintiff had been employed a number of years as a bookkeeper and salesman in a business owned and conducted by defendant under the trade name National Auto Parts Company. Defendant also owned the Booth building in Cherokee located some distance from the auto parts store. The operation and maintenance of this apartment and business building were not connected in any way with defendant's operation of his auto parts company.

June 1, 1967, defendant directed plaintiff to stop at the Booth building on his way home from work and load various items belonging to National Auto Parts from the loading dock onto the freight elevator in the Booth building. While standing on the freight elevator plaintiff was struck on the head and body by a wooden post which fell down the elevator shaft inflicting the injuries giving rise to plaintiffs' action.

Neither plaintiff nor defendant had rejected any provision of the Workmen's Compensation Act, chapter 85, Code, 1966.

Defendant's special appearance challenged the jurisdiction of the district court on the ground plaintiff, at the time of injury, was defendant's employee acting in the course of his employment and had made claim for Workmen's Compensation which was accepted as compensable by defendant's carrier. He asserts plaintiff is precluded from bringing suit against him as a third party tort feasor. The special appearance was supported by affidavits showing that proper proceedings had been had before the industrial commissioner, as the result plaintiff was drawing and accepting weekly compensation payments from Katzman's insurance carrier.

The trial court held the Iowa Workmen's Compensation Act was plaintiff's exclusive remedy against defendant.

Plaintiff concedes in written argument that he was an employee of National Auto Parts, was within the scope of his employment at the time of injury and was being paid Workmen's Compensation benefits by National Auto Parts Company.

II. Plaintiffs assert the court erred in sustaining defendant's special appearance.

They contend since plaintiff was not employed by defendant in his capacity as owner of the apartment building where the injury occurred, defendant cannot be given an employer's status in this separate entity and is subject to suit at common law.

Plaintiffs assert the present facts do not deal with the situation of concurrent or joint negligence of an employer and a third party tort feasor or with the case of an employee suing a negligent employer as third party tort feasor which plaintiffs concede is clearly prohibited by the Iowa Workmen's Compensation Act. They do maintain their action is based on defendant's negligence as owner of a building unrelated to plaintiff's employment, not as an employer.

They further contend the issue whether plaintiff was precluded from joining defendant as a third party tort feasor was strictly a matter of defense and a factual situation rather than jurisdictional; the question cannot properly be determined by special appearance.

III. We first consider plaintiffs' contention the court's jurisdiction of the subject matter cannot be properly determined by special appearance.

"A special appearance has for its purpose the interposing of objections to jurisdiction, such being the sole question placed before the court by such a restricted appearance. [Citing authority]" Tice v. Wilmington Chemical Corp., 259 Iowa 27, 34, 141 N.W.2d 616, 621.

Since a hearing had upon a special appearance is a special proceeding not triable in equity, it is not reviewable de novo on appeal but only on errors assigned with the court's findings of fact having the force and effect of a jury verdict. Tice v. Wilmington Chemical Corp., supra, 259 Iowa at 34–35, 141 N.W.2d at 621–622, and citations.

Where "a defendant, by special appearance, makes a direct attack upon the jurisdiction of a court the burden is on plaintiff to sustain the requisite jurisdiction, but once a prima facie showing has been made by him the burden of going forward with the evidence is upon defendant to overcome or rebut, if possible, such prima facie case, [Citing authorities]" Tice v. Wilmington Chemical Corp., supra, 259 Iowa at 47, 143 N.W.2d 86–87, supplementing opinion in 141 N.W.2d 616.

In determining the jurisdictional issue presented by a special appearance, courts accept allegations of plaintiff's petition as true and affidavits which may be submitted in support thereof, rules 80(b) and 116, R.C.P., stand as a verity unless contradicted. Tice v. Wilmington Chemical Corp., supra, 259 Iowa at 34, 141 N.W.2d at 621, and citations.

Plaintiffs allege in those divisions of their petition directed against Katzman that Jansen, having the status of an invitee, was injured by Katzman's negligence while on premises possessed by Katzman.

The trial court found that at the time of his injury plaintiff was Katzman's employee acting within the scope of his employment; that National Auto Parts is simply defendant's trade name. There is substantial evidence to support these findings. As stated, plaintiff concedes he was being paid Workmen's Compensation benefits by defendant's insurance carrier.

Plaintiff's contention being considered in this division presents the question, Does the district court have jurisdiction of the subject matter of the action alleged?

The rights and remedies of an injured employee against an employer for industrial injuries, that is personal injuries sustained by an employee arising out of and in the course of his employment, have been taken out of the general, original jurisdiction of the district court and placed in that class of cases exclusively in the jurisdiction of the industrial commissioner by chapter 85. Groves v. Donohue, 254 Iowa 412, 419, 118 N.W.2d 65, 69 and Price v. King, 259 Iowa 921, 926, 146 N.W.2d 328, 331.

Section 85.3, subsection 1, provides:

"1. Except as provided by this chapter, it shall be conclusively presumed that every employer has elected to provide, secure, and pay compensation according to the provisions of this chapter for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury"

In Groves v. Donohue, supra, 254 Iowa at 419, 118 N.W.2d at 68–69, we said:

"Section 85.20, * * * provides the rights and remedies provided in this chapter for an employee on account of an industrial injury shall be exclusive of all other remedies, and further provides the employee shall be conclusively presumed to have elected to take compensation as provided until notice in writing shall have been served on the employer and industrial commissioner.

"* * *

"Sections 85.4 through 85.15, Code of Iowa, 1962, provide that either or both the

employee and employer may reject the provisions of the chapter. Section 85.17, Code of Iowa, 1962, provides where they have not given notice every contract of hire shall be construed as an implied agreement on the part of the employer to pay and on the part of the employee to accept compensation as provided in this chapter for all personal injuries sustained arising out of and in the course of the employment."

Section 85.22 provides in part:

"Liability of others—subrogation. When an employee receives an injury for which compensation is payable under this chapter, and which injury is caused under circumstances creating a legal liability against some person other than the employer to pay damages, the employee, or his dependent, or the trustee of such dependent, may take proceedings against his employer for compensation, and the employee or, in case of death, his legal representative may also maintain an action against such third party for damages. * * *"

■ Plaintiffs are seeking recovery for injuries which they allege were caused by Katzman's negligence. Defendant is urging that the industrial commissioner has exclusive jurisdiction because Jansen was his employee and the injuries were sustained in the course of Jansen's employment. For the district court to have jurisdiction of such subject matter it is necessary for the employee to allege either the rejection of chapter 85 as provided in sections 85.4 through 85.15 or the failure of the employer to insure as provided in section 87.21. Plaintiffs alleged neither condition precedent.

■ Although plaintiffs' petition does not state Jansen's injuries were sustained in the course of his employment by defendant, affidavits attached to defendant's special appearance so state and they are not controverted. A jurisdictional question of the subject matter of the action alleged is thus presented.

■ "Where a special statute has placed a particular class of cases in the jurisdiction of the industrial commissioner unless certain conditions precedent are alleged, the district court does not have jurisdiction of the subject matter unless the conditions precedent are alleged. Hlas v. Quaker Oats Co., 211 Iowa 348, 233 N.W. 514." Groves v. Donohue, supra, 254 Iowa at 422, 118 N.W.2d at 70.

■ Rule 104, R.C.P., provides: "Exceptions. Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if none is required, then at the trial, except that:

"(a) Want of jurisdiction of the person, * * * must be raised by special appearance * * *; and want of jurisdiction of the subject matter may be so raised. * * *"

We hold that the question of the court's jurisdiction of the subject matter was properly raised by defendant's special appearance. In support see Hlas v. Quaker Oats Co., 211 Iowa 348, 233 N.W. 514 and Bridgmon v. Kirby Oil Industries, Inc., 250 Iowa 229, 93 N.W.2d 771.

This case is distinguishable from Fabricius v. Montgomery Elevator Co., 253 Iowa 860, 114 N.W.2d 297 and Groves v. Donohue, supra. In Fabricius the matters urged were strictly matters of defense and it was there held that such could not be raised by special appearance. In Groves defendants urged that the industrial commissioner had exclusive jurisdiction because of the fact situation surrounding the happenings of the injury and the relation of the parties. Negligence and deceit were the subject matter of plaintiff's claim there. Here, as previously noted, plaintiffs' claim is against Jansen's employer for negligence occurring during the course of employment.

IV. Plaintiffs further contend under their assigned error defendant cannot be given an employer's status in the separate entity as owner of the Booth building.

They argue the proper approach is whether the Workmen's Compensation Act abolishes tort actions against third parties, not whether it expressly authorizes them.

■ We agree "a statute will not be construed as taking away a common law right existing at the time of its enactment unless that result is imperatively required [Citing authorities]." Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 388, 101 N.W.2d 167, 174. In Price v. King, supra, 259 Iowa at 924, 146 N.W.2d at 329, we said, "Clearly the act does not deny an employee the common law right to recover ·damages caused by the negligence of a third person even though he has received workmen's compensation benefits for the same injury. This court has so held. [Citing authorities]."

■ Section 85.22 specifically reserves this right to sue at common law by an employee whose injury has been caused under circumstances creating a legal liability against *some person other than the employer*.

Chapter 547, Code, 1966, provides permission to conduct a business under any trade, or assumed name upon compliance with certain conditions specified in the chapter.

Louie Katzman, possessor of the Booth building in Cherokee, is not a distinct and separate entity from Jansen's employer, Louie Katzman who conducts business under the trade name National Auto Parts Company. As owner of the building he is not a person other than Jansen's employer against whom plaintiffs may maintain an action as contemplated by section 85.22.

Williams v. Hartshorn, 296 N.Y. 49, 69 N.E.2d 557, 558, presented the question: "Is the administrator of a partnership employee, who died as a result of injuries arising out of and in the course of his employment, precluded from maintaining a common-law action for negligence against the partner who owned the premises where the partnership business was carried on and where the employee was killed?"

In holding that the Workmen's Compensation Law constituted the administrator's exclusive remedy, the court said:

"Regardless of his status as owner of the premises where the injury occurred, an employer remains an employer in his relations with his employees as to all matters arising from and connected with their employment. He may not be treated as a dual legal personality, 'a sort of Dr. Jekyl and Mr. Hyde.'"

In reaching its decision the court relied upon the earlier case of Winter v. Peter Doelger Brewing Co., Inc., 226 N.Y. 581, 123 N.E. 895. In that case plaintiff, employed as a delivery man by defendant brewing company, was injured in the course of his usual work while delivering beer to a saloon. Though the premises were located at some distance from the brewery, they were owned and controlled by defendant, and it was defendant's own negligent conduct—the improper maintenance of an elevator—that occasioned the injury. Nevertheless, it was held that the employee could not resort to an action at law, since the employer's exclusive liability was under the Workmen's Compensation Law.

In Bross v. City of Detroit, 262 Mich. 447, 247 N.W. 714, 715, plaintiff fireman was injured in a collision between the hook and ladder on which he was riding and a municipally owned street car. In affirming a judgment based on a directed verdict the court said:

"It is contended by plaintiff that, as the city of Detroit owned and operated its street railway system, the agency that caused his injury, which was a function distinct from that in which he was employed, the city was 'some person other than the employer' within the meaning of the above-quoted provision of the statute.

"No authorities are cited by the plaintiff to support this contention. It is too plainly

untenable to require argument. Nor is there any merit to the claim that, because the city was operating a street railway system as a private enterprise, the Workmen's Compensation Law has no application."

De Guiseppe v. City of New York, 188 Misc. 897, 66 N.Y.S.2d 866, 867, affirmed, De Guiseppe v. City of New York, 273 App.Div. 1010, 79 N.Y.S.2d 163, involved an action for damages for the death of an employee of the city's department of sanitation who, while performing duties within the scope of his employment, was struck by a municipally owned trolley car negligently operated by an employee of the city's board of transportation. There plaintiff contended that since the two agencies of the city were separate and distinct, the sanitation department not being a business for pecuniary gain while the board of transportation was, the decedent was not killed by the negligence of another in the same employ, hence the right to compensation was not the exclusive remedy.

In rejecting such contention the court said:

"The statute, of course, saves to an employee the right to proceed against a third party in a common-law action, but it is obvious that a defendant cannot simultaneously be two distinct entities, i. e., an employer and also a third party; for a third party is one who has no connection whatever with the relationship of employer and employee—a stranger to that relationship. But here, the employer of the trolley car operator was the City of New York and the employer of plaintiff's intestate was likewise the City of New York. No amount of argument on plaintiff's part, however forceful or fanciful, can provide an escape from this salient fact and destroy the applicability of section 11 [Workmen's Compensation Act]." The court relied on the authority of Williams v. Hartshorn, Winter v. Peter Doelger Brewing Co., Inc., and Bross v. City of Detroit, all supra, in reaching its decision.

The De Guiseppe case and the three cases which we have cited as relied on by the New York court are again cited and followed in Walker v. City and County of San Francisco, 97 Cal.App.2d 901, 219 P.2d 487, 490. There decedent, a member of the San Francisco fire department, was on his fire truck responding to an alarm when a street car of the municipal railway ran into the truck at an intersection resulting in fatal injuries.

The complaint shows decedent was an employee of the city and county which owns and operates the municipal railway. His widow had brought an action to recover damages for wrongful death. The city and county was granted judgment on the pleadings. The widow appealed contending that because the railway was operated by defendant in its proprietary capacity, while fire protection was a governmental function, the problem should be treated as if decedent had been an employee of one corporate entity, functioning governmentally, and the motorman and conductor (whose negligence was admitted for the purpose of the motion) were employees of another, functioning in a proprietary capacity. Defendant stood on the fact decedent had been fatally injured within the course of his employment and his dependents were limited, so far as his employer was concerned, to the award of compensation under California's Labor Code.

In reaching its conclusion that the widow's exclusive remedy was under the compensation provisions of the Labor Code, the court quoted from Williams v. Hartshorn, supra, and other cases cited herein.

"Attempts have several times been made to subdivide an employer, such as a municipality, and assert common-law rights on behalf of an employee of one city department against a different city department as if it were a stranger. These attempts have been consistently unsuccessful." 2 Larson's Workmen's Compensation Law, section 72.10.

Although none of the authorities cited above involve an employer operating under a trade name as here, the reasoning appearing in those opinions furnishes support for our position.

The cases cited by plaintiffs in support of their position involve separate corporations having common officers and stockholders. They do not aid plaintiffs here.

■ The Workmen's Compensation Act provided the exclusive remedy for plaintiffs.

The action of the trial court in sustaining defendant's special appearance is

Affirmed.

All Justices concur.