380 So.2d 172 (1979)
Corzella M. WRIGHT
v.
Kenneth L. MOORE et al.
No. 12934.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
Edward J. Walters, Jr., Baton Rouge, counsel for plaintiff-appellant Corzella M. Wright.
John D. Carpenter, Baton Rouge, counsel for defendants-appellees Kenneth L. Moore and George Moore.
W. Arthur Abercrombie, Jr., Baton Rouge, counsel for defendants-appellees Mary Mitchell and The Travelers Ins. Co.
John W. King, Baton Rouge, counsel for defendant-appellee Dept. of Transp. & Dev.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
The issue in this case is whether the State of Louisiana can be sued in tort by one of its employees or whether the employee's exclusive remedy is for workmen's compensation.
Plaintiff sustained injuries in an automobile accident which occurred on October 6, 1977, in East Baton Rouge Parish. She was a passenger in an automobile owned by the State of Louisiana and driven by another state employee. Both she and her host driver were employed as nurses by the Department of Health and Human Resources and were engaged in the course and scope of their employment at the time the accident happened. Plaintiff's deposed testimony evidences the fact that she has received workmen's compensation as a result of her job-related injuries.
Made a party defendant in this action is the State of Louisiana, through the Department of Transportation and Development. Plaintiff alleges the accident was caused or contributed to by the negligence of the State of Louisiana, through the Department of Transportation and Development, in that the semaphore signal at the scene was malfunctioning due to inadequate repair and maintenance.
The State filed a motion for summary judgment urging the application of La.R.S. 23:1032 which provides in part:
The rights and remedies herein granted to an employee or his dependent on *173 account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
From a judgment granting the motion and dismissing plaintiff's suit as to the State of Louisiana, plaintiff appeals.
We affirm.
Plaintiff argues that the Department of Health and Human Resources and the Department of Transportation and Development are two separate and distinct bodies corporate and that as an employee of one she is free to sue the other in tort as a separate entity. La.Const. art. 14, § 6; La. R.S. 36:251; La.R.S. 36:501. We reject this argument holding that the State of Louisiana is the real party at interest and is indistinguishable from its executive departments. Under these circumstances it is not a "third person" and cannot, therefore, possess the dual capacity of employer and third person tortfeasor. La.R.S. 23:1034; La.R.S. 23:1101.
The dual-capacity problem is not to be confused with the question of legal entity. Regardless of the executive agency or department for which the plaintiff works, we construe her to be an employee of the State of Louisiana.[1] This negates the concept that plaintiff is suing a third person in tort when she names the State, through an executive department for which she performs no services, as a party defendant. She is, in fact, suing her own employer. To allow such an action is contrary to the compromise underlying workmen's compensation. Under our workmen's compensation law, the employer must pay compensation when he is not at fault. To balance the economic scales, the employer should not be liable for greater compensation when he is at fault.
Our courts have apparently not been called upon to decide the precise question here presented. An analysis of the problem and its treatment outside this state is provided in 2A A. Larson, The Law of Workmen's Compensation § 72.80 (1975):
In comparatively recent years there has appeared in various contexts what might be called the dual-capacity doctrine. Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principal may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.

. . . . .
The primary issue in this class of cases is: what is the test of true dual capacity?
One thing is clear. Dual capacity will not be found merely because the employer has a number of departments or divisions that perhaps are quite separate in their functions and operations. The question has arisen most frequently as to governments. Attempts have several times been made to subdivide a municipality, and assert common-law rights on behalf of an employee of one city department against a different city department as if it were a stranger. These attempts have been consistently unsuccessful. Thus, when a city has both a fire department and a street railway line, the widow of a fireman killed by the street railway's negligence cannot maintain a death action *174 against the city in its capacity as street railway operator.
Similarly, at the state level, an employee of the Department of Highways, who was injured when struck by an automobile driven by a state trooper of the Department of Public Safety, could not bring an action of law against the Department of Public Safety, since both employees were employees of the commonwealth.
See also, Comment, Workmen's Compensation and Employer Suability: The Dual-Capacity Doctrine, 5 St. Mary's L.J. 818 (1973).
The State of Louisiana, as a governmental unit, is charged with promoting the health, safety, education, and welfare of the people. Preamble, La.Const.1974. To carry out this public mandate, many persons are employed in various capacities by different executive departments and agencies. The function of promoting traffic safety (maintaining a traffic signal) and the function of promoting health (providing nurses) are separate and different. However, each function involves an obligation owed by the State which is related to that flowing from the other. The obligation in each instance is to provide an essential state service. The status of the persona exercising the separate functions and discharging the obligations does not change.[2]
We cannot find in this instance that the State of Louisiana occupies a dual capacity, that of employer and tortfeasor. Whether maintaining the traffic signal alleged by the plaintiff to have played a causative role in the accident, or whether providing nurses for health care, the status of the State in this lawsuit is that of employer only. Walker v. City and County of San Francisco, 97 Cal.App.2d 901, 219 P.2d 487 (1950); Osborne v. Commonwealth, 353 S.W.2d 373 (Ky.App.1962); Denenberg v. United States, 305 F.2d 378, 158 Ct.Cl. 401 (1962); Murray v. City of New York, 43 N.Y.2d 400, 401 N.Y.S.2d 773, 372 N.E.2d 560 (1977). Cf. Wells v. St. Tammany Parish School Board, 340 So.2d 1022 (La.App.1st Cir.1976). See also, Schlenk v. Aerial Contractors, 268 N.W.2d 466 (N.Dak.1978), and Gentry v. Pugh, 362 So.2d 1154 (La.App.2d Cir.1978).
At appellant's cost, judgment is
AFFIRMED.
NOTES
[1] The legislature, within the context of workmen's compensation, has not sought to subdivide state employment according to departments or agencies for which various employees perform services. La.R.S. 23:1034 refers to "every person in the service of the state" as subject to our workmen's compensation law and provides "for such employee and employer the payment of compensation ... shall be exclusive, compulsory, and obligatory."
[2] Larson, supra, explains the test of dual capacity as "... not concerned with how separate or different the second function of the employer is from the first but with whether the second function generates obligations unrelated to those flowing from the first, that of employer."