427 A.2d 1161

Linda BERGER, Administratrix of the Estate of William H. Berger, Deceased

v.

U. G. I. CORPORATION,

and

The City of Allentown.

Appeal of U. G. I. CORPORATION.

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed Jan. 16, 1981.

Reargument Denied April 24, 1981.

Richard F. Stevens, Allentown, for U.G.I. Corp., appellant.

Malcolm J. Gross, Allentown, submitted a brief for Berger, appellee.

John Thomas, Allentown, for The City of Allentown, appellee.

Before BROSKY, HOFFMAN and CIRILLO,* JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in concluding that appellee could not be joined as an additional defendant. We disagree and, accordingly, affirm the order of the lower court.

On August 8, 1976, William Berger, a fireman employed by appellee, the City of Allentown, was killed by a gas explosion while fighting a fire in Allentown. Berger's wife and administratrix, Linda Berger, brought wrongful death and survival actions against appellant, U.G.I. Corporation, alleging, *inter alia*, that it had negligently maintained its gas lines and failed to warn the decedent of the danger of explosion. Appellant subsequently joined appellee as an additional defendant, alleging that appellee's water and

---

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

sewer department had negligently installed a water main too close to appellant's gas line causing the gas leakage and the fatal explosion. Appellee's answer and subsequent motion for judgment on the pleadings asserted that it could not be joined as an additional defendant pursuant to section 303(b) of the Pennsylvania Workmen's Compensation Act[1] because William Berger was killed in the course of his employment. The lower court granted appellee's motion and denied exceptions. This appeal followed.

■ Appellant contends that appellee is not immune from suit by a third party under the Act because the injured employee worked in a department which was separate and distinct from the allegedly negligent department. We disagree.

Section 303(b) creates an exception to the general right to contribution from joint tort feasors. Under that section, a third party whose negligence is responsible, in part, for an injury suffered by an employee protected by the [Pennsylvania] Workmen's Compensation Act, may not, in the suit brought by the employee against him, join the employer as an additional defendant. Nor may the third party otherwise seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the injury.

*Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 518, 412 A.2d 1094, 1096 (1980). *Accord, Bell v. Koppers Co.*, 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978); *Arnold v. Borbonus*, 257 Pa.Super. 110, 113, 390 A.2d 271, 272 (1978); *Hefferin v.*

1. Section 303(b) states, in pertinent part:

    In the event injury or death to an employe is caused by a third party, then such employe ... and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer ... shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

    Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b) (Supp.), amending Act of June 2, 1915, P.L. 736, § 303 (hereinafter the Act).

*Stempkowski*, 247 Pa.Super. 366, 369–70, 372 A.2d 869, 871–872 (1977). Thus, existing Pennsylvania law would preclude appellant's joinder of appellee as an additional defendant.

Appellant argues, however, that because the fire department and the water and sewer department constitute separate municipal enterprises, appellee can be held liable at common law for the alleged negligence of the latter department which caused the employee's death. Appellant relies upon the following passage from Davis, *Workmen's Compensation—Using an Enterprise Theory of Employment to Determine Who is a Third Party Tort Feasor*, 32 U.Pitt.L.Rev. 289, 300 (1971):

> [I]t has been argued that the separation of the employment of the multiple-enterprise employer on an enterprise basis should be recognized. Under this theory, such an employer should be liable as a third party tort-feasor when negligent conduct in one enterprise injures a workman employed and covered by compensation in another of that employer's enterprises. When an employer undertakes two or more enterprises, he can be said to have the power to define the limits of each enterprise and his capacities in each. When the conduct of such an employer indicates the limits of a given enterprise, his immunity from ordinary tort liability should be limited to activities that arise within those limits.

Thus, appellant would have this Court distinguish appellee's fire department functions from those as water department for the purposes of the bar of section 303(b).[2] That we decline to do.

Other jurisdictions have refused to distinguish one governmental function from another for the purpose of their workmen's compensation exclusivity provisions. In *Wright*

2. Appellant contends that such a distinction is supported by *Mohan v. Continental Distilling Corp.*, 422 Pa. 588, 593, 222 A.2d 876, 879 (1966). That case, however, is clearly inapposite. There, plaintiff was nominally an employee of a parent corporation. The evidence showed, however, that he was a de facto employee of the subsidiary. Accordingly, the Court reversed the lower court and entered judgment n. o. v. for the subsidiary.

*v. Moore*, 380 So.2d 172 (La.App. 1979), *cert. denied*, La., 382 So.2d 164 (1980) the state was named as a defendant on the basis that the transportation department was a separate entity from the health department which employed the injured nurse. In affirming a grant of summary judgment for the state, the court said:

We cannot find in this instance that the State of Louisiana occupies a dual capacity, that of employer and tortfeasor. Whether maintaining the traffic signal alleged by the plaintiff to have played a causative role in the accident, or whether providing nurses for health care, the status of the State in this lawsuit is that of employer only.

380 So.2d at 174 (citations omitted). *Accord, Walker v. City & County of San Francisco*, 97 Cal.App.2d 901, 905–908, 219 P.2d 487, 490–91 (1950) (fireman injured in collision with municipal street car); *Osborne v. Commonwealth*, 353 S.W.2d 373, 375 (Ky.App. 1962) (highway department employee struck by state police car); *Bross v. City of Detroit*, 262 Mich. 447, 450, 247 N.W. 714, 715 (1933) (fireman injured in collision with city trolley); *De Guiseppe v. City of New York*, 188 Misc. 897, 898–899, 66 N.Y.S.2d 866, 867 (Sup.Ct. 1946) (sanitation worker struck by city trolley), *aff'd*, 273 App.Div. 1010, 79 N.Y.S.2d 163 (1948); 2A A. Larson, The Law of Workmen's Compensation § 72.80 (1976). *Cf. Del Rossi v. Pennsylvania Turnpike Commission*, 210 Pa.Super. 485, 490 n.1 233 A.2d 597, 600 n.1 (1967) (where fatality occurred on state-maintained highway, lower court must determine whether employee was there as an employee rather than a member of the public). New Jersey courts have specifically rejected the enterprise theory espoused by Professor Davis. *See Taylor v. Pfaudler Sybron Corp.*, 150 N.J.Super. 48, 49-52, 374 A.2d 1222, 1223–24 (App.Div.), *cert. denied*, 75 N.J. 20, 379 A.2d 251 (1977). The lower court correctly concluded that appellee, which had installed the water lines through its water and sewer department, was the employer of the deceased fireman, and as such, appellee could not be joined as an additional defendant under section

303(b). Consequently, the lower court properly granted appellee's motion for judgment on the pleadings.

Order affirmed.