225 So.2d 381 (1969)
SEWERAGE AND WATER BOARD OF NEW ORLEANS
v.
William M. BARNETT, Mark W. Malloy, and Norman C. Francis, Members of the City Civil Service Commission of New Orleans.
No. 3643.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1969.
*382 George Piazza, New Orleans, for plaintiff-appellant.
Ralph D. Dwyer, Jr., New Orleans, for defendants-appellees.
Dodd, Hirsch, Barker, Meunier, Boudreaux & Lamy, C. Paul Barker, Jerry L. Gardner, Jr., and Maurice S. Cazaubon, Jr. New Orleans, for intervenors.
Moise W. Dennery and Charles J. Rivet, New Orleans, for Louisiana State Civil Service Commission, amicus curiae.
Before YARRUT, SAMUEL and CHASEZ, JJ.
SAMUEL, Judge.
On October 17, 1968 the City Civil Service Commission of New Orleans considered, amended and approved a revised pay plan, prepared by the Civil Service Department, for city employees in classified service. The Commission then forwarded the plan to the Council of the City of New Orleans for consideration and approval. On January 9, 1969 the Sewerage and Water Board of New Orleans approved adoption of the plan and implementation thereof effective January 1, 1969. However, on January 13, 1969, the Commission advised the Board it could not, and would not, authorize an immediate and retroactive implementation of the plan for Board employees for the reason that: "The City Council, as the governing body of the city, is the only lawful body able to put into effect the proposed pay plan for the classified service of which personnel of the Sewerage and Water Board are a part."
On January 30, 1969 the action of the Board in adopting the revised pay plan was approved by the Council of the City of New Orleans "* * * insofar as the said pay plan relates to employees of the Sewerage and Water Board." The Council took no other action on the plan. (Apparently the city was not in a financial position to pay classified service wage increases, while the Board, which operates with dedicated funds received in connection with its water, sewerage and drainage functions under LSA-Const. Art. 14 § 23.1 et seq., had sufficient funds to pay such increases to its employees.) Thereafter, the Commission again refused to authorize an immediate *383 and retroactive implementation of the plan for Board employees.
The Board then instituted this suit against the members of the Commission seeking a mandamus directing the defendants to recognize and order the implementation of the pay plan and raise for Sewerage and Water Board employees. By amendment plaintiff alternatively sought a declaratory judgment decreeing that Board employees were entitled to receive the raise in conformity with the plan. The American Federation of State, County and Municipal Employees Local 1992, AFL-CIO, Louisiana Public Employees Council, American Federation of State, County and Municipal Employees No. 17, AFL-CIO, and Lloyd Geisler, a resident of Orleans Parish, filed a petition of intervention joining with plaintiff in demanding the same relief.
After trial there was judgment denying the prayer for mandamus and denying and dismissing the petition of intervenor, American Federation of State, County and Municipal Employees, Local 1992. The trial court also rendered a declaratory judgment in favor of the defendants, which declaratory judgment reads as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the suit for declaratory judgment, there will be judgment for the defendants William M. Barnett, Mark W. Malloy and Norman C. Francis, members of the Civil Service Commission of the City of New Orleans, decreeing that the City Council of the City of New Orleans is the governing body of said City and must approve the entire pay plan as submitted or amended by the Civil Service Commission, for all classified employees of the City, and for this purpose the Sewerage and Water Board employees are considered as city employees, before the Sewerage and Water Board employees can receive a pay raise in accordance with such a pay plan."
The Sewerage and Water Board has prosecuted this appeal therefrom.
Appellant concedes it is a part of the Civil Service of the City of New Orleans and the rules and regulations of the City Civil Service Commission apply to Sewerage and Water Board employees (LSA-Const. Art. 14 § 15(A) (3); LSA-R.S. 33:4076; Barnett v. Sewerage and Water Board of New Orleans, La.App., 51 So.2d 634). However, appellant contends: (1) it is an autonomous political corporation, the governing body with respect to all activities pertaining to the Sewerage and Water Board, and as such it has the authority to approve the proposed pay plan, and thus put the same into effect, under the pertinent provision of LSA-R.S. 33:2406; and, alternatively (2) under the same provision of LSA-R.S. 33:2406, if the City Council is the "governing body" therein referred to, the plan has been put into effect by the Council's express approval of the same insofar as it applies to Sewerage and Water Board employees only. The LSA-R.S. 33:2406 provision referred to reads as follows:
"The pay plan and change therein shall become effective for budget purposes when approved by the mayor with the consent of the governing body of the city, and shall be given effect to the extent expressly approved by the governing body. * * *" LSA-R.S. 33:2406 (Emphasis ours).
We do not agree with either contention. Pertinent to our consideration thereof are the following provisions of the Constitution of Louisiana:
("The State and City Civil Service Commissions shall adopt:")

"A classification plan, prepared and submitted by the Director or already in existence, requiring the classification of positions in the classified service according to similarity of duties performed and responsibilities assumed, so that the same qualifications may reasonably be required for, and the same schedule of pay may be equitably applied to all positions in the *384 same class." LSA-Const. Art. 14 § 15 (I) (b) (Emphasis ours).
("The State and City Civil Service Commissions shall adopt:")
"Rules fixing minimum, maximum, and such intermediate rates of compensation as may be necessary, and establishing uniform pay plans and amendments thereof from time to time, * * *. * * * Each employee shall be paid at one of the rates set forth in the pay plan for the class of position in which he is employed. The rate of any employee at the time the original pay plan takes effect shall not be reduced by such pay plan. A pay plan, or amendments thereto, of the State shall become effective only after approval of the Governor; and a pay plan and amendments thereto for any city shall become effective only after approval by the governing body of said city." LSA-Const. Art. 14 § 15(I) (c) (Emphasis ours).
"This Section and the provisions thereof shall be self-executing." LSA-Const. Art. 14 § 15(X).
Under the above quoted constitutional provisions it is clear that all employees covered by Civil Service of the City of New Orleans, and this includes Sewerage and Water Board employees who are so protected, must be paid according to one uniform pay plan so that "* * * the same schedule of pay may be equitably applied to all positions in the same class". To paraphrase a portion of the excellent reasons for judgment given by the trial judge: A major intent and purpose of Civil Service is to insure uniformity among employees covered thereby, to the end that such employees in a particular class will enjoy equal and uniform rights with others in the same class regardless of the department, agency, board or commission in which they may be employed. To permit employees of one department, agency, board or commission to receive a pay raise while other employees in other departments, agencies, boards or commissions, similarly classified and under the same Civil Service, receive a lower rate of pay does violence to that major intent and purpose of Civil Service. Neither the fact that the Board has sufficient funds to pay the proposed wage increases, nor the fact that the City is financially unable to do so, changes the law as written.
It is true, as appellant and intervenors argue, that the Sewerage and Water Board has many of the attributes of an autonomous political corporation. However, this does not result in that Board being the "governing body", i. e., the body with authority to approve the proposed pay plan and thus make the same effective, referred to in LSA-R.S. 33:2406. The statute itself and, more important, the above quoted constitutional provision contained in Art. 14 § 15(I) (c) plainly state that the "governing body" referred to is the governing body of the city. The governing body of the City of New Orleans is the Council of the City of New Orleans.
In support of its alternative contention, that the proposed plan has been put into effect insofar only as it applies to Sewerage and Water Board employees by the Council's express approval of the plan to that extent, appellant relies solely on the quoted Revised Statute 33:2406 provision stating the plan shall be given effect "to the extent expressly approved by the governing body." We are satisfied the Council was without authority to approve a portion of a pay plan when such action was in violation of a major intent and purpose of Civil Service as set out above. More particularly, the Council's approval of the plan only insofar as it relates to Sewerage and Water Board employees was in direct violation of the quoted constitutional requirements of one uniform pay plan and the same schedule of pay for all positions in the same class. It suffices to say that, Revised Statute 33:2406 being a legislative act, it cannot prevail over the constitutional provisions.
Our attention has been called to the fact that the trial court judgment denies and dismisses *385 only the petition of one of the three intervenors and fails to mention the other two intervenors. We will amend the judgment to correct this apparent oversight.
For the reasons assigned, the judgment appealed from is amended to deny and dismiss the petition of intervention filed by all intervenors. As thus amended, and in all other respects, the judgment appealed from is affirmed.
Amended and affirmed.