GUIDRY, Judge.
The plaintiff, Sewerage and Water Board, hereinafter referred to for sake of brevity as the Board, seek by this suit to obtain a declaratory judgment determining and/or clarifying its rights with regard to the number of unclassified Civil Service positions to which it is entitled under the Constitution and statutory laws of this State.
The record reveals that the Board is presently served by three staff members who are unclassified, i. e., the Secretary-Executive Director; the General Superintendent ; and, its Special Counsel. The petition of the Board reflects that it now desires to create a new position, that of “Director of Management Services”, the purpose of which being to implement and carry out its administrative operations. The Board alleges that this new position would parallel in administration the responsibility of the General Superintendent for engineering operations and is therefore a high staff position of a very sensitive nature and for these reasons it is essential and necessary that such staff position be filled by an unclassified civil servant who would function at the pleasure of the Board.
The Civil Service Commission of the City of New Orleans was made defendant in that the Board is admittedly subject to the rules and regulations of the Civil Service system of the City of New Orleans. Barnett v. Sewerage and Water Board of New Orleans, La.App., 51 So.2d 634 (1951). In its response to the plaintiff’s petition, after denying the factual allega *638 tions thereof for lack of information, the Civil Service Commission averred that the Board is entitled to only those unclassified Civil Service positions authorized under Article 14, Section 15 of the Louisiana Constitution and more particularly Article 14, Section 15(G) (a) (4) and (5). Judgment was rendered in the trial court in favor of the plaintiff decreeing its entitlement to an additional unclassified civil servant and specifically authorizing the Board to create the position of “Director of Management Services”. From this judgment the Civil Service Commission has perfected this suspensive appeal.
The plaintiff and defendant appear to concede, as indeed they must, that the Board is entitled to only those unclassified civil service positions authorized to it under Article 14, Section 15 of the Louisiana Constitution. Although they concede this to be true they differ as to the interpretation to be accorded to the provisions of this Article in so far as they apply to the plaintiff Board. The plaintiff’s contention, which was adopted by the lower court, is to the effect that the Board is a “principal department” of the City under Sub-section (G) (a) (2) and thus entitled to four unclassified civil servants, i. e., the head of the department (Secretary-Executive Director) and three additional staff members under Sub-section (5). On the other hand the defendant contends that the Board is a “City Board” under Sub-section (4) and it is entitled to but three unclassified staff positions as authorized by Subsection (5).
We are convinced, after careful study of the cited constitutional article, the percent statutory law and the jurisprudence evolving therefrom that the district court erred in granting the declaratory judgment sought by the plaintiff Board and we accordingly reverse.
It is unmistakably clear that under Article 14, Section 15 (G) (b) of the Constitution the unclassified positions allowed to cities are limited to those specifically enumerated in Subsection (G) (a) of that article which reads in pertinent part as follows :
“(G) Unclassified and classified service; definitions; change of status. The ‘State Service’ and the ‘City Service’ of cities of the State having a population exceeding two hundred fifty thousand shall be divided into the ‘unclassified’ and ‘classified’ service.
“(a) The Unclassified State and City Service shall comprise the following offices and positions: (1) State and City officers elected by the people, and persons appointed to fill vacancies in elective offices; (2) heads of principal departments appointed by the Governor or the Mayor or other governing body of any city, including the State Fire Marshal, Surveyor General, State Live Stock Inspector, Service Commissioner for United Spanish War Veterans, Director of Veterans’ Affairs, and Director of Civil Defense, and the administrator of the Division of Employment Security in the Department of Labor, who shall be appointed by the Governor. (3) City Attorneys; (4) members of State and City Boards and Commissions discharging executive, administrative or advisory functions; (5) one private secretary for the President of each college or university, one principal assistant or deputy, one attorney, and one person holding a confidential position to any officer, Board or Commission mentioned in (1) (2) and (4), except the Louisiana Youth Commission, Department of State Civil Service and the Departments of City Civil Service, provided no appointing authority shall be required to fill any of these positions with unclassified employees, but may assign the duties of any of them to a classified employee; . . . ”
In construing the pertinent provisions of the constitutional article which has been quoted above, it should be borne in mind that such provisions must be strictly construed in that they provide an exception to *639 the rule set forth by the article. This being so, it is axiomatic that the Board is not entitled to the relief sought unless it is shown that the position which it seeks to create comes clearly within the exception of unclassified service. State ex rel. Murtagh v. Department of City Civil Service, et al., 215 La. 1007, 42 So.2d 65 (1949).
When the applicable provisions of the constitutional article are viewed in light of the well established jurisprudential rule above set forth it can only be concluded that said provisions will admit of no construction other than that the Board is a “City Board” under Sub-section (4). This being so it must necessarily follow that the Board under Sub-section (5) is permitted but three unclassified positions, “one principal assistant, one attorney, and one person holding a confidential position . . . ” all of which are presently filled.[1]
Our conclusion as above set forth finds support in the legislative enactments creating the Sewerage and Water Board, LSA-R.S. 33:4071 et seq., and Civil Service for Cities of 100,000 population, LSA-R.S. 33:2391 et seq., both of which, although enacted prior to the adoption of Article 14, Section 15 of the Louisiana Constitution as presently constituted, have been by Article 14, Section 15 (P) (6) continued in force in so far as not in conflict. Both of these legislative enactments unequivocally limit the Board to three unclassified staff positions including its Special Counsel.
The trial court fell into error when it determined that the Board was a “Principal Department” of the city and that the Secretary-Executive Director was the head of that principal department within the in-tendment and meaning of Article 14, Section 15(G) (a) (2). Such an interpretation might have been justified if it were made to appear that the Secretary-Executive Director is an appointee of the Mayor or the governing body of the City and were it not that Sub-paragraph (4) makes specific reference to “City Boards and Commissions discharging executive, administrative or advisory functions”. It cannot be questioned that the Sewerage and Water Board is a “City Board” exercising executive and administrative functions. Neither can it be denied that under LSA-R.S. 33 ¡4073 the Secretary-Executive Director is elected by the Board and serves at its pleasure and he is not appointed by either the Mayor or the City Council. Further, it cannot be concluded that the Secretary-Executive Director is the head of a principal department, appointed by the “Governing Body” of the City, as contended by able Counsel for appellee in that although the Board unquestionably possesses some indi-cia of a governing body, i. e., the power to expropriate, the power to establish rules and regulations which have the force of law, the power to derive its own revenues, etc., it is not the governing body of the City which is the body clearly and unmistakably referred to in Sub-paragraph (2). This same contention was urged before this Court in a matter involving the right of the Sewerage and Water Board to implement a pay plan separate and distinct from that applied to other civil servants of the City of New Orleans. Sewerage and Water Board of New Orleans v. Barnett, La.App., 225 So.2d 381 (1969).
In rejecting the contention advanced by the Board, Judge Samuel, speaking for the Court stated:
“It is true, as appellant and intervenors argue, that the Sewerage and Water Board has many of the attributes of an autonomous political corporation. However, this does not result in that Board being the ‘governing body’, i. e., the body with authority to approve the proposed pay plan and thus make the same effective, referred to in LSA-R.S. 33:2406. The statute itself and, more important, the above quoted constitutional provision *640 contained in Art. 14 § 15 (I) (c) plainly state that the ‘governing body’ referred to is the governing body of the city. The governing body of the City of New Orleans is the Council of the City of New Orleans.”
It matters not that the term “Governing Body” was construed in the cited case in the interpretation of a different Sub-section of Article 14 of the Constitution for it goes without saying that it would be incongruous to hold that the Board is not the “Governing Body” under Sub-section 15(1) (c) of Article 14 but that it is such under Sub-section 15(G) (a).
The Board calls this court’s attention to the merits of the Board’s position and suggests that it would be an anomaly if it were restricted to only three unclassified staff members. The Board points out that it employs over 1400 individuals, is the exclusive governmental authority dealing with water, drainage and sewerage in the City of New Orleans, and has the power to expropriate and derive its own revenues. The Board goes on to agree it is impractical to expect such an important governmental entity as itself to function with only three unclassified Civil Service positions when departments and agencies of the City of New Orleans with staffs of fewer people and with far less responsibility than the Board are entitled to four unclassified positions. However this may be and regardless of how strong the equities are that favor plaintiff’s demand same cannot overcome positive law to the contrary. If a change is warranted it cannot be brought about through court action but rather it must come from the legislature and the people of this State.
For the above and foregoing reasons the judgment appealed from is reversed and there is now judgment in favor of defendants William M. Barnett, Norman C. Francis and T. Hartley Kingsmill, Jr., Members of the City Civil Service Commission of New Orleans, dismissing the demand of plaintiff.
Reversed.

. As previously indicated the record reveals the Secretary-Executive Director, General Superintendent and Special Counsel to the Board all serve as unclassified employees.