GULOTTA, Judge.
Plaintiff, a City of New Orleans police officer, appeals from a Civil Service Commission determination upholding a ninety day suspension imposed on plaintiff by the Superintendent of Police for violation of sick leave regulations.
The relevant facts found by the Commission and supported by the record are that on September 23, 1977 James M. Willem sustained an injury to his left leg and right finger while making an authorized arrest. He remained on sick leave under the care of his personal physician until October 13, 1977. His physician and the police department’s physician found plaintiff fit to return to duty on the following day, October 14th. On October 13th, plaintiff reported to his assigned District station his availability for duty on October 14th. At 10:00 p. m. on the evening of October 13th plaintiff “went to Johnny White’s Restaurant and Bar on 731 St. Peter Street without reporting same to the authorities.” According to plaintiffs, he had remained at the bar until approximately 12:00 p. m. when he returned home.
In a November 8, 1977 letter informing plaintiff of the suspension, the superintendent stated that plaintiff’s misconduct (not returning to his residence on October 13th after visiting the doctor and reporting his availability for duty for the following day) *1236 was in violation of the following New Orleans Police Departmental Regulations:
“DR 630-3) CONDUCT WHILE ON SICK LEAVE
II. Restrictions
3. An employee on sick leave shall not leave his residence or other authorized location of confinement prior to returning to duty from sick leave, except as provided herein.
4. Employees who must visit personal physicians during short periods of sick leave (several days) shall notify the Medical Section accordingly, giving the name of the physician and the office, clinic or hospital address where the visit is to be made. The Medical Section shall be notified when an employee returns from such a visit.
6. When an employee is unable to notify the Medical Section of a physician’s visit and when an employee’s unit has no Platoon Commander on duty, the Command Desk (Communications Section) shall be notified and furnished information as required in paragraph 4.
III. Returning to Duty
13. When an employee reports himself as being sick, he remains on the sick list until he is ordered back by the departmental physician or until he actually returns to duty. For example, if an employee reports himself as being sick on the morning shift, which is from 7:00 A.M. to 3:00 P.M., and recuperates sufficiently during the day so that he feels that he will be able to return to work on the following day, he will not, after 3:00 P.M. consider himself as no longer being sick and must remain at home for the full 24 hours.”
The Civil Service Commission stated in its findings:
“The facts clearly show that appellant left his residence prior to returning to duty and that he does not come under any exception cited in that regulation. Thus, appellant clearly violated Departmental Regulation 630-3."
Plaintiff first contends that the findings of the Commission are neither consistent with the appointing authority’s reasons for suspension nor consistent with the evidence.[1] Furthermore, relying on Louisiana Constitution of 1974 Article 10, Section 10(A) which vests the Commission with broad and general rule making powers,[2] plaintiff claims that Departmental Regulation 630-3 infringes on the exclusive authority of the Commission to make rules governing the administration and regulation of the classified service. According to plaintiff, because the Departmental Regulation is more “stringent” than the relevant Civil Service Commission Rules relating to sick leave, the Departmental Regulations are unconstitutional.
Considering plaintiff’s first contention we conclude that the Commission’s findings are consistent with plaintiff’s admissions at the hearing. Willem stated that after returning from the doctor and after reporting his availability for duty on the following day, he did not return home but went to a restaurant and bar. Although the record does not strongly support the Superintendent’s observations in the letter of suspension regarding prior sick leave violation, nevertheless, the record does support the Superintendent’s findings of violations of Regulations 630-3, Section II, paragraphs 3, 4 and 6, and Section III, paragraph 13.
*1237 Furthermore, we find no merit to plaintiff’s claim of unconstitutionality of the pertinent regulations. Because the Louisiana Constitution confers upon the Commission broad and general rule making power and the authority for administration and regulations of classified service, including employment conditions and suspensions, the Department is not prohibited from adopting disciplinary regulations for the proper and effective administration of the police department. We do not consider the Police Department’s Regulations to be in contravention of or inconsistent with the Constitutional rule making power of the Commission, but rather as an implementation of these rules. Accordingly, we conclude that the Departmental Regulations involved in this ease do not constitutionally infringe upon the authority of the Civil Service Commission as provided for in Louisiana Constitution 1974 Article 10, Section 10. Having so concluded, we affirm the judgment of the trial court.

AFFIRMED.

. Plaintiff claims the Superintendent stated in the letter suspending plaintiff that Willem had been guilty of prior sick leave violations and the record before the Commission did not support this finding.

. “§ 10. Rules; Investigations; Wages and Hours
Section 10. (A) Rules. (1) Powers. Each commission is vested with broad and general rule-making and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; . .