492 So.2d 1255 (1986)
SEWERAGE & WATER BOARD OF NEW ORLEANS
v.
CIVIL SERVICE COMMISSION OF the CITY OF NEW ORLEANS.
Nos. CA 5842, C 5848.
Court of Appeal of Louisiana, Fourth Circuit.
July 18, 1986.
Writ Denied July 29, 1986.
Ralph D. Dwyer, Jr., New Orleans, for the Civil Service Com'n of the City of New Orleans, appellant.
Okla Jones, II, City Atty., Bruce E. Naccari, Asst. City Atty., for intervenor-appellant, City of New Orleans.
John D. Lambert, Jr., Sp. Counsel, Gerard M. Victor, Gen. Counsel, Co-Counsel of Record, for Sewerage and Water Bd. of New Orleans, appellee.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
The Sewerage and Water Board of New Orleans, hereinafter referred to as the Board, brought suit against the Civil Service Commission of the City of New Orleans, hereinafter referred to as the Commission, seeking a declaratory judgment which would exempt the Board and its employees *1256 from complying with the provisions of Rule XII of the Commission dealing with layoff procedures to be implemented in connection with large scale layoffs of City employees mandated by budget constraints. The Board amended its petition to include a prayer for a restraining order, preliminary and permanent injunctions. After answer by the Commission and intervention by the City of New Orleans in support of the Commission, the trial court granted a summary judgment in favor of the Board. The Commission appealed devolutively after being denied a suspensive appeal, and also applied for writs. We granted the joint request for an expedited hearing, combining the appeal with the writ application. Because of our action on the appeal the writ application has become moot.
In the trial court, and on appeal, the Board urges two grounds in support of its claim of exemption from the Commission's Rule XII:
(1) That its hiring authority granted by R.S. 33:4076 and its status as a separate legal entity from the City of New Orleans prohibits the transfer of City employees to the Board's employ under the authority of the Commission's Rule XII;
(2) That R.S. 33:2408 prohibits the transfer of City employees to the Board without the consent of the Board as the appointing authority of its own employees.
The trial court agreed with the Board's position and granted summary judgment on June 23, 1986:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Sewerage and Water Board of New Orleans is not required to employ without its concurrence and consent any of the employees of the City of New Orleans who are laid off or terminated under and by virtue of the layoff policy established by the Civil Service Commission and/or to reduce in grade and/or discharge any of its own employees to accommodate any City employee;"
In its reasons for judgment the trial court stated:
"The Board and the City are separate and distinct entities. The Board was created by R.S. 33:4071 et seq. and the City is incorporated and governed by its Home Rule Charter pursuant to Section 22 of Article XIV of the Louisiana Constitution. The two entities have separate funding sources, retirement systems and appointing authorities. Under R.S. 33:4076 the Board has authority to hire its own employees, who are not employed by the City and who do not receive any compensation from the City. Additionally, R.S. 33:2408 prohibits the transfer of employees to the Board without the consent of the Board as the appointing authority of its own employees.
Therefore, the Court grants plaintiff's motion for summary judgment, declaring that the Board is not required to employ terminated or laidoff City employees."
We are convinced, after careful study of the pertinent constitutional articles, statutory law, and the jurisprudence evolving therefrom, that the district court erred in granting the declaratory judgment sought by the Board and we accordingly reverse.
Article X of The Louisiana Constitution of 1974 elevated the New Orleans City Civil Service from a statutory to a constitutional status. Art. X Sec. 1(B) created a constitutional civil service system for the City of New Orleans. Art. X Sec. 4 gives the New Orleans City Civil Service Commission constitutional status and Art. X Sec. 10 A(1) vests the Commission with broad and general rule making powers. Sec. 10 A(4) gives those rules the effect of law and rules so adopted prevail over acts of the legislature which may be in conflict with them. Smith v. Department of Health and Human Resources, 416 So.2d 94, (La.1982).
The Commission argues, and we agree, that R.S. 33:2408 has no applicability to this case as it, and the other statutory provisions of the old civil service law, (R.S. 33:2391, et seq.,) were repealed and replaced by the constitutional civil service *1257 system created by Article X of the 1974 Louisiana Constitution.
The Commission has adopted Rule VI, entitled "Vacancies, Certification and Appointment" substantially reenacting R.S. 33:2408 into Sec. 1.2 of Rule VI.
1.2 Transfer. An employee may be transferred from any position in the classified service to any other position of the same class, or of any other class for which no additional or different qualifications are prescribed for original entrance, on recommendation of the appointing authority and approval of such transfer by the Director, but no employee shall be transferred from a position in one organization unit to a position in another organization unit without the consent of the appointing authorities of both units concerned. No employee shall be transferred from a position in one class to a position in another class having a higher maximum salary. Any change of an employee from a position in one class to a position in a class having a lower maximum salary shall be considered a demotion.
However, the Commission urges that the provisions of Sec. 1.2 of Rule VI prohibiting the transfer of an employee from one organizational unit to another without the consent of the appointing authorities of both units apply solely to vacancies that are to be filled in the normal employment process, and, that the Commission's Rule XII, entitled "Layoffs", is intended to exclusively govern all matters affecting employee layoffs. The Commission denies that any conflict exists between Rule XII and Sec. 1.2 of Rule VI provided they are read together, with Rule XII applying specifically to layoffs and Rule VI applying to transfers other than those required by layoffs. We agree.
Art. 10, Sec. 10 A(3) of the Louisiana Constitution entitled "Layoffs; Preference Employees" deals specifically with layoffs and, except for special rules regarding preference employees (ex-members of the armed forces and their dependents), places no restrictions on the broad rule making authority of the Commission to provide a uniform and equitable program to regulate the manner in which layoffs are to be carried out. There is no serious dispute as to the authority of the Commission to adopt Rule XII nor has there been any attack on its constitutionality or its fairness. We must presume the validity of Rule XII to the same extent that we presume the validity of acts of the Legislature. We must likewise follow the same rules of statutory construction that apply to legislative acts, namely, Rule XII and Rule VI, Sec. 1.2 should be read so as to give effect to both, if possible, and, the court should strive to carry out the intent of the Commission in adopting the rule.
In this case we do not have to resort to the minutes of committee hearings to inferentially discern legislative intent because the Commission, in these proceedings, has stated its legislative-rule making intent, namely, that Rule XII was adopted for the purpose of regulating, in a uniform and equitable manner, the implementation of layoffs throughout the civil service system, and, with regard to the layoff and re-employment of laid off employees, Rule XII is intended to prevail over and supercede all other rules.
We find no conflict between Rule XII and Rule VI Sec. 1.2. We further find that Rule VI, Sec. 1.2, dealing with transfers, is inapplicable to layoffs, and in the event of any conflict, the provisions of Rule XII are to control all layoff procedures.
Assuming that Rule XII shall govern the manner in which all employees shall be laid off and rehired, does the Commission have the authority by virtue of Rule XII to transfer City employees to the Sewerage and Water Board in view of the Board's separate legal status? We find that it does have such authority.
Because R.S. 33:4076 gives the Board the authority to hire its own employees, and since these employees are not employees of the City of New Orleans but are compensated out of the Board's separate funds, the Board contends that no other hiring authority can place employees on the *1258 Board's payroll without its consent. For this reason the Board argues that the Commission does not have the authority to transfer City employees from their City jobs and place them in the Board's employ.
R.S. 33:4076 limits the Board's hiring authority by the requirement that:
"All the employees, except unskilled laborers, shall be hired only after they have passed the civil service examination administered by the Civil Service Commissioners of the City of New Orleans.... Civil service rules shall not apply to the executive director, the general superintendant or the Board of Advisory Engineers."
Despite the clear language of R.S. 33:4076 that all of the employees of the Board, except those specifically exempted in the statute, are classified employees who are subject to civil service rules during their employment, the Board contends that R.S. 33:4076 somehow insulates its civil service employees from complying with civil service Rule XII of the Commission.
Although the Board argues that its separate legal status, its separate funding sources and its separate retirement system insulate it from the effects of Rule XII, the same argument has been made in other proceedings before us without avail. In Sewerage and Water Board of New Orleans v. Barnett, 225 So.2d 381 (La.App. 4th Cir.1969), the Board argued that its separate legal status, separate funding and separate retirement system allowed its employees to benefit financially from a new pay plan approved by the City Council solely for the employees of the Board but not for any other City employees because the Board had sufficient separate funds to implement the new plan and the City did not. This Court enjoined the Board from using its separate funds to implement the new plan.

"A major intent and purpose of Civil Service is to insure uniformity among employees covered thereby, to the end that such employees in a particular class will enjoy equal and uniform rights with others in the same class regardless of the department, agency, board or commission in which they may be employed. To permit employees of one department, agency, board or commission to receive a pay raise while other employees in other departments, agencies, boards or commissions, similarly classified and under the same Civil Service, receive a lower rate of pay does violence to that major intent and purpose of Civil Service. Neither the fact that the Board has sufficient funds to pay the proposed wage increases, nor the fact that the City is financially unable to do so, changes the law as written." (Emphasis added)
225 So.2d 381 at p. 384.
The Board also claims that the Commission has limited authority over its classified employees. In Barnett v. Sewerage and Water Board, 51 So.2d 634 at 658 (La.App. Orl.1958), we held that "There is no merit in the contention that Sec. 13 [of Act No. 6 of 1899, Ex Sess. as amended R.S. 33:4076] imposed only a limited civil service system upon the Sewerage and Water Board of New Orleans."
Article X of the Louisiana Constitution of 1974 created one civil service system for all classified employees of City government, including its attached and unattached boards and commissions. The Sewerage and Water Board and its employees are members of that unified system. The Board and its employees enjoy the benefits of the civil service system. The Board receives the services of the Commission in creating job classifications, testing applicants and supplying the Board with a source of qualified civil servants, at no expense to the Board. The Board's employees are protected in their jobs without fear of political interference and are protected against arbitrary disciplinary practices, with the right to appeal any disciplinary action to the Commission. The Board, and its employees, cannot accept the benefits of the civil service system without also accepting the responsibility of sharing in the inconvenience, temporary upset and trauma that may accompany the layoff of *1259 Board employees in favor of City employees who would otherwise lose their jobs except for the implementation of Rule XII.
We find that Article X of the Louisiana Constitution mandates uniformity of layoff procedures amongst all classified employees regardless of the department, agency, board or commission in which they may be employed. Accordingly, the Sewerage and Water Board, and its employees, must comply with those orders of the Commission issued in furtherance of the Commission's Rule XII, including the transfer of City employees to the Sewerage and Water Board and the resultant layoff of Board employees wherever necessary.
In brief, and on oral argument, counsel for the Commission has acknowledged that no transfers are possible with regard to those job classifications in sewerage, water and drainage which are exclusive to the Board alone. Any employee transferred to the Board under the provisions of Rule XII of the Civil Service Commission is not a probationary employee, as is contended by the Board, but has permanent status. Should any transferred employee prove to be incompetent the Board has access to those civil service rules that provide for the suspension, demotion or firing of such an employee.[1]
Since there is no genuine issue as to material fact in these proceedings, the issues being solely matters of law, and in view of the exception of no cause of action filed by the Commission and reurged on appeal, we see no need to remand this case for further proceedings in the trial court.
For the above and forgoing reasons the judgment appealed from is reversed and there is now judgment in favor of defendants, the Civil Service Commission of the City of New Orleans and its individual members, and in favor of the intervenor, the City of New Orleans, dismissing the of plaintiff, The Sewerage and Water Board of New Orleans.
REVERSED AND RENDERED.
NOTES
[1] In answer to the Board's fear that the Commission may attempt to usurp the Board's fiscal prerogatives by ordering the Board to fill vacant positions against its will, counsel for the Commission has further acknowledged that the Commission does not have such authority nor has it ever claimed the power to dictate to the Board the number of employees it must hire or retain.