BYRNES, Judge.
The Sewerage & Water Board of New Orleans (S & WB) appeals the decision of the Civil Service Commission of the City of New Orleans (Commission), which (1) concluded that the S & WB lacked legal au *797 thority to extend S & WB civil service employees’ workweek from 35 to 40 hours; and (2) provided additional compensation for the time period for which those employees were temporarily reassigned to a 40-hour weekly work schedule. We affirm.
Prior to April, 1988, the main office of the S & WB was located in City Hall where the S & WB civil service employees worked a 35-hour workweek consistent with other City Hall employees. Similar S & WB civil service employees working at other locations performed the same work for the same salary on a 40-hour workweek schedule. When the S & WB moved its main location from City Hall to 625 St. Joseph Street in April, 1988, employees on a 40-hour workweek schedule protested that they were classified the same with the same work and weekly salary as their counterparts working only a 35-hour workweek.
The S & WB determined at its April 6, 1988 executive committee meeting that all 5 & WB civil service employees should work the same 40-hour workweek schedule. At the April 13, 1988 meeting of the S 6 WB, the Commission’s assistant director of personnel stated that only the Civil Service Commission had authority to make adjustments to hours worked by classified employees under the Louisiana Constitution. Members of the S & WB attended the Commission’s meeting on April 26,1988 and explained their desire to adopt a uniform 40-hour workweek. The Commission suggested that an increase in hours should be considered at the time of an adoption of a new pay plan revision. The Commission reasserted this determination and voted to disapprove the S & WB’s proposal as set forth in its letter to the S & WB dated July 26, 1988. On August 4, 1988, the S & WB President Pro Tem. wrote to the members of the S & WB executive committee, noting that the Commission disapproved the S & WB’s proposal. Thereafter, on August 10, 1988, the S & WB voted to place all its employees on a 40-hour work week effective August 29, 1988.
On September 27, 1988, certain S & WB civil service employees whose workweek had been extended from 35 to 40 hours filed suit in Civil District Court, seeking injunctive and monetary relief. Meanwhile, effective November 5, 1988, the S & WB returned the main office employees to a 35-hour workweek schedule. The trial court dismissed the employees’ lawsuit for lack of subject matter jurisdiction on February 24, 1989. The claimant-employees then filed an administrative appeal with the Civil Service Commission, seeking compensation for the 10-week period from August 29 until November 5, 1988 when they were reassigned to a 40-hour workweek. On June 26, 1989, the Commission rendered its decision in favor of the claimant-employees. The S & WB’s appeal followed.
On appeal the S & WB argues that the Commission erred in:
(1) finding that prior to the Louisiana Constitution of 1974, the Commission mandated a 40-hour workweek for field personnel and a 35-hour workweek for clerical and administrative personnel;
(2) finding that the Commission’s minute entry dated August 27, 1975 constituted a valid rule and was an authoritative statement of the appropriate work schedule;
(3) holding that the S & WB violated a rule of the Commission; and
(4) in ordering the S & WB to compensate the claimant-employees with back-pay.
The S & WB acknowledges that the claimants are civil service employees who are governed by the rules of the Civil Service Commission. LSA-R.S. 33:4076; Sewerage & Water Board of New Orleans v. Civil Service Commission of City of New Orleans, 492 So.2d 1255 (La.App. 4th Cir.1986), writ granted, 493 So.2d 626; Judgment Aff’d 496 So.2d 1019 (La.1986). However, the S & WB claims that it is not prohibited from taking measures which do not conflict with rules of the Commission. Willem v. City of New Orleans Dept. of Police, 368 So.2d 1235 (La.App. 4th Cir.1979). Asserting that there is no promulgated Commission rule, the S & WB notes that Article X, Section 10(c) of the Louisiana Constitution of 1974 provides that a *798 commission rule or determination affecting wages and hours has the effect of law only-after approval of the appropriate governing authority, i.e., the New Orleans City Council. The S & WB contends that any directive by the Civil Service Commission was not approved by the City Council and did not preempt the S & WB’s regulation of wages and hours.
This court's appellate standard of the review of actions by the Civil Service Commission is whether the conclusion reached is arbitrary, capricious or manifestly wrong. Cha-Jua v. Department of Fire, 439 So.2d 1150 (La.App. 4th Cir.1983). Article X, Section 10(A)(1) of the Louisiana Constitution of Louisiana of 1974 vests the Commission with broad and general rule-making powers prevailing over legislative acts Sec. 10(A)(4). Smith v. Department of Health & Human Resources, 416 So.2d 94 (La.1982); Barnett v. Develle, 289 So.2d 129 (La.1974); Werner v. Department of Police, 487 So.2d 598 (La.App. 4th Cir. 1986). In Civil Service Commission of City of New Orleans v. Rochon, 374 So.2d 164 (La.App. 4th Cir.1979), this court found that the City’s power of approval of a pay plan proposed by the Civil Service Commission does not carry with it the right for the City to implement a pay plan contrary to one already recommended and established by the Commission. The issue in the present case is whether a pay plan had already been established by the Commission that prevails over the S & WB’s altered work schedule.
Civil Service Commission Rule IV, Sec. 1.1 provides that “(o)n the effective date of Article X of the Constitution of Louisiana, the present pay plan and its amendments for the classified service ... shall be incorporated as part of this rule.” Therefore, all pay plans in effect prior to the 1974 Louisiana Constitution were incorporated into the rule which coincided with previous actions of the City Council. The subsequent determination dated in the Commission’s minute entry August 27, 1975 directed that the “various work schedules that have traditionally applied and currently apply to classified personnel shall continue.” Because the Commission presented no changes or alterations contrary to previous City Council actions, additional City Council approval was unnecessary.
The S & WB failed to show that the Commission erred in holding that the Louisiana Constitution of 1974 in conjunction with Commission Rule IV, Sec. 1.1, as well as the Commission’s determination of August 27, 1975 provided proper authority by the Commission to retain the previous workweek schedule. The Commission had clearly implemented the prior working schedule which prevails over the S & WB’s altered schedule of working hours of the claimant-employer. The S & WB’s adjustment of the claimants’ workweek (without additional pay) created a change which would necessitate approval by the Commission and the City Council. We conclude that the Commission properly found that claimant-employees affected by the altered extended workweek should clearly be paid for the additional uncompensated hours worked.
For the foregoing reasons, the Commission’s decision is affirmed with costs of this appeal assessed against the appellant.
AFFIRMED.
CIACCIO, J., dissents with reasons.