594 So.2d 1088 (1992)
Kendrick E. FORD
v.
NEW ORLEANS SEWERAGE AND WATER BOARD, et al.
No. 91-CA-0655.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1992.
*1089 Harold D. Marchand, John D. Lambert, Jr., Sewerage & Water Bd. of New Orleans, New Orleans, for appellant.
Lawrence E. Best, Andre C. Gaudin, Best, Koeppel & Klotz, New Orleans, for appellee.
Angelique A. Reed, Asst. City Atty., Dwight W. Norton, Deputy City Atty., Brett J. Prendergast, Chief of Civil Litigation, Kathy Lee Torregano, Chief Deputy City Atty., William D. Aaron, Jr., City Atty., New Orleans, for intervenor.
Before SCHOTT, CIACCIO and PLOTKIN, JJ.
CIACCIO, Judge.
This is a tort action in which plaintiff seeks to recover damages for personal injuries sustained in a fall on a pedestrian bridge while in the course of his employment with the City of New Orleans. Following a trial on the merits, the trial court rendered judgment in favor of plaintiff. For the reasons stated below, we reverse the judgment of the trial court and dismiss plaintiff's suit.

FACTS
The facts in this case are virtually undisputed. On October 7, 1987 at approximately 3:00 a.m., Kendrick Ford, a New Orleans Police Officer, was on routine patrol when he noticed a subject attempting to break into a garage at a house located at Jonquils Street and Peoples Avenue in New Orleans. The officer pulled his vehicle up to the residence and placed his headlights on bright toward the subject. Officer Ford then exited his vehicle and ordered the subject to "Halt, Police." On observing the police officer, the subject ran down Peoples Avenue and crossed a wooden footbridge over the Peoples Avenue Canal. Officer Ford began to chase the suspected burglar, but as the officer crossed the wooden footbridge, he stepped into a hole in the bridge, sustaining the injuries herein.
As a result of these injuries, Ford was unable to return to his employment as a police officer. Ford subsequently filed for and began to collect worker's compensation benefits from his employer, the City of New Orleans.
On March 1, 1988 Ford filed a petition for damages naming as defendants the New Orleans Sewerage and Water Board, Boh Bros. Construction Co., Inc. and Maroon Construction Co., Inc. Plaintiff subsequently dismissed Boh Bros. and Maroon Construction from the suit after discovering these companies had not contracted for the repair of the bridge in question. The Sewerage and Water Board (hereinafter "the Board") filed an Answer and Third Party Demand, seeking contribution and/or indemnity from the City of New Orleans, (hereinafter "the City"). The City answered the third party demand and subsequently filed an intervention seeking to recover worker's compensation benefits paid to plaintiff as a result of his injuries.
Trial commenced on November 5, 1990. At the conclusion of plaintiff's case on November 7, 1990, the Board filed a Peremptory Exception of No Cause of Action, arguing that plaintiff's tort suit against them was precluded by the exclusive remedy provisions of the worker's compensation statute. The exception was not argued, however, and the trial judge took the matter under advisement.
On December 27, 1990, the trial court dismissed the peremptory exception and rendered judgment in plaintiff's favor and against the Board in the amount of $653,668.92. The Court further granted judgment in favor of intervenor, the City of New Orleans, in the amount of $60,756.20 for worker's compensation benefits paid by the City.
From this adverse judgment the Board now appeals, asserting three assignments of error of the trial court. Because we find merit in appellant's first argument, albeit on different legal grounds, that plaintiff has no cause of action against the Board in tort, we need not address appellant's second and third assignments.

*1090 ANALYSIS
In the trial court and on appeal the Board argues that plaintiff, as an employee of a political subdivision of the state, is precluded from maintaining an action against the employees of the Board which, appellant argues, is a state agency. In support of its position, the Board cites to previous jurisprudence which holds that an employee of one state department cannot sue the state in tort for the negligence of an employee of another department of the state.
In Wright v. Moore, 380 So.2d 172 (La. App. 1st Cir.1979), writ denied, 382 So.2d 164 (La.1980), the Court held that a nurse employed by the State of Louisiana, Department of Health and Human Resources, who was injured in an automobile accident while in the course and scope of her employment, could not maintain a tort action against the State Department of Transportation and Development for an alleged malfunctioning traffic signal on a State highway.
In limiting plaintiff's recovery to worker's compensation, the Court held:
The State of Louisiana, as a governmental unit, is charged with promoting the health, safety, education and welfare of the people. Preamble, La. Const.1974. To carry out this public mandate, many persons are employed in various capacities by different executive departments and agencies. The function of promoting traffic safety (maintaining a traffic signal) and the function of promoting health (providing nurses) are separate and different. However, each function involves an obligation owed by the State which is related to that flowing from the other. The obligation in each instance is to provide an essential state service. The status of the persona exercising the separate functions and discharging the obligations does not change.
We cannot find in this instance that the State of Louisiana occupies a dual capacity, that of employer and tortfeasor. Whether maintaining the traffic signal alleged by the plaintiff to have played a causative role in the accident, or whether providing nurses for health care, the status of the State in this lawsuit is that of employer only.

Citations omitted
Likewise, an employee of the Department of Corrections for the State of Louisiana injured in the course of his employment was barred from bringing a tort suit against an employee of the Military Department, State of Louisiana. McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3d Cir. 1980), writ denied, 397 So.2d 1364 (La. 1981). The court in McGuire reasoned that the Military Department was indistinguishable from the State of Louisiana for worker's compensation purposes.
Based on these principles, the Board argues that as a state agency created by state statute, it is not subject to suit by an employee of the City of New Orleans, which is a political subdivision of the state and part of state government.
Conversely, plaintiff contends that while the Board is a state agency, the city is not part of state government and that the decisions in Wright and McGuire are distinguishable on that basis. Plaintiff argues therefore that an employee of the City cannot be considered a co-employee of the employees of the Board.
We do not agree with the arguments presented on appeal that the Sewerage and Water Board is an agency of the state. Rather, we find that the Board, for reasons more fully discussed herein, is part of the New Orleans city government. However, although the decisions in Wright v. Moore cited by appellant dealt with actions between employees of various state departments, we agree with the reasoning set forth in those cases and apply it to the case before us.
The issue presented here is whether the Sewerage and Water Board can be sued in tort by an employee of the City of New Orleans or whether the employee's exclusive remedy is for worker's compensation.
It is undisputed that plaintiff, as an officer with the New Orleans Police Department, is an employee of the City of New Orleans, and was in the course and scope *1091 of his employment at the time of the accident. In his petition for damages, plaintiff asserts that the basis for liability of the Board is the negligence of the Board in failing to insure that the wooden footbridge was safe for pedestrian traffic. In fact, plaintiff is alleging that some employee(s) of the Board failed to properly design, construct or maintain the bridge and failed to warn of the defective condition of the bridge, thereby causing the injuries herein.
The exclusive provisions of the worker's compensation statute are contained in La. R.S. 23:1032, which provides in part:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease.
Under the express terms of this statute, an employee's sole recourse for the negligence of a co-employee is for worker's compensation benefits. Further, these provisions apply to every person in the service of the State or a political subdivision thereof. La.R.S. 23:1034.
The primary question for our resolution then is this: "Are the employees of the Sewerage and Water Board and the employees of the Police Department of the City of New Orleans co-employees so as to invoke the exclusive remedy provisions of La.R.S. 23:1032?" Stated another way, "Is the City of New Orleans the employer of Sewerage & Water Board personnel within the meaning of La.R.S. 23:1032 so as to limit petitioner's claim for injuries to the exclusive remedy of worker's compensation?" We conclude that the answer to this inquiry is yes, although for a different reason than the position taken by the appellant in this case.
The Sewerage and Water Board was originally created by state statute in 1899 for the control and maintenance of the public water, sewerage, and drainage systems of the City of New Orleans. La.R.S. 33:4071. However, pursuant to Section 22 of Article XIV of the 1921 Constitution of the State of Louisiana, as amended by Act 551 of 1950, the City of New Orleans adopted the Home Rule Charter which became effective on May 1, 1954. Under the terms of this charter, the Sewerage and Water Board was included in the executive branch of the New Orleans city government, now called "The City of New Orleans". Article I, Section 1-101 of the Home Rule Charter, City of New Orleans.
Article IV of the charter concerns the organization and general provisions of the executive branch of city government. Specifically, Section 4-102 provides:
The Executive Branch shall consist of the Office of Mayor, of which the Mayor shall be the head; the Administrative Office, of which the Chief Administrative Officer shall be the head; the department heads; and the following department or boards; all of which are hereby created and established or continued and recognized:

* * * * * *
(2) Boards and Commissions
 (c) Unattached
 Board of Liquidation, City Debt
 Public Belt Railroad Commission
 Sewerage and Water Board
 Board of City Trusts
 City Planning Commission
 Public Library Board
 New Orleans Aviation Board
 Vieux Carre Commission
 Parkway and Park Commission
(emphasis ours)
As listed in the charter, these "unattached" boards or commissions are those which are not made part of any of the specific city departments, but are nonetheless included under the umbrella of city government. Each performs a vital function in the city governmental unit.
Article V of the charter specifically concerns the unattached boards and commissions *1092 listed under the executive branch. Chapter 3 of that article provides:
Chapter 3
Sewerage and Water Board
Section 5-301. Organization. The Sewerage and Water Board in existence at the adoption of the Charter shall be continued. The board shall be composed of the Mayor, the two at large members of the Council, one of the district councilmen selected by the Council, and two members of the Board of Liquidation, City Debt, and seven citizens appointed as provided by law.
Section 5-302. Functions. The powers, duties and functions of the Sewerage and Water board are provided by law.
The existence of the Sewerage and Water Board was continued in effect, but the Board was designated as a board of the City. Under the terms of the charter, the Sewerage and Water Board was blanketed into the New Orleans city government, and the provisions of the state statute which originally gave the Board a separate identity were superceded by the adoption of the 1954 charter.
In addition to being included in the City Charter, the Board is subject to the rules and regulations of the New Orleans Civil Service Commission. Civil Service rules are applied to all Board employees except the executive director, the general superintendent and the Board of Advisory Engineers. La.R.S. 33:4076. See also, Barnett v. Sewerage and Water Board, 51 So.2d 634 (La.App. 4th Cir.1951).
In Sewerage and Water Board v. Civil Service Commission, 492 So.2d 1255 (La.App. 4th Cir.1986), writ granted, 493 So.2d 626, aff'd, 496 So.2d 1019 (La.1986), this Court held that the Board and its employees are part of the civil service system created for all classified employees of city government and as such, the Board must comply with orders of the Commission, including the transfer of City employees to the Board and the resultant layoff of Board employees when necessary. In that case, we held:
Article X of the Louisiana Constitution of 1974 created one civil service system for all classified employees of City government, including its attached and unattached boards and commissions. The Sewerage and Water Board and its employees are members of that unified system. The Board and its employees enjoy the benefits of the civil service system. The Board receives the services of the Commission in creating job classifications, testing applicants and supplying the Board with a source of qualified civil servants, at no expense to the Board. The Board's employees are protected in their jobs without fear of political interference and are protected against arbitrary disciplinary practices, with the right to appeal any disciplinary action to the Commission. The Board, and its employees, cannot accept the benefits of the Civil service system without also accepting the responsibility of sharing in the inconvenience, temporary upset and trauma that may accompany the layoff of Board employees in favor of City employees who would otherwise lose their jobs except for the implementation of Rule XII.
We find that Article X of the Louisiana Constitution mandates uniformity of layoff procedures amongst all classified employees regardless of the department, agency, board or commission in which they may be employed.
This Court has also held that the Board is precluded from paying its employees at a higher pay scale than other City employees. In Sewerage & Water Board v. Barnett, 225 So.2d 381 (La.App. 4th Cir.1969), the Board contended that it had adequate funds to administer a raise for its employees, although it admitted it was part of the city civil service system. The Board argued that it was an autonomous political corporation and governing body, and as such, had the independent authority to approve and effectuate a pay plan for its employees which was not approved by the Civil Service Commission. This court disagreed, holding that the constitution required a uniform pay plan for all classified employees who are part of the City of New *1093 Orleans Civil Service system, including Board employees.
In both of these cases, the proposition that the Board was a distinct and separate entity from the City of New Orleans was dismissed and the Board was treated as a governmental unit of the City of New Orleans. We find that the situation here is similar to those presented in Wright and McGuire, supra, dealing with suits between employees of different state departments. The Sewerage and Water Board, although not a city department, is a board of the city, and is a part of the executive branch of city government just as is the New Orleans Police Department. See 4-102(1) and (2)(c).
Although the Board benefits from a dedicated millage and has a separate funding source than the City, the Board nonetheless remains part of city government. Under the terms of the city charter, the Board is designated as an unattached board and is comprised solely of city officials and their appointees. Home Rule Charter, City of New Orleans, art. V, ch. 3 (1954). The Board is governed by the City Civil Service system which governs city employees. Sewerage & Water Board v. Civil Serv. Com'n, supra.
In addition, the Board cannot acquire property except in the name of the city. Article IX, Section 9-301 of the Home Rule Charter; La.R.S. 33:4078. The ad valorem taxes which fund the Sewerage and Water Board are levied and collected by the City and placed in a special account overseen by the City's Board of Liquidation, another unattached board of the City. La.R.S. 33:4094. The Board does not charge the City of New Orleans or its public institutions for its water supply. La.R.S. 33:4096. Further, the Board cannot implement a rate change for water or sewerage charges without the approval of the majority of the City Council and the Board of Liquidation. La.R.S. 33:4096.
Although the Board has a separate legal identity with regard to suits brought by third persons, the contest between the City and the Board generally revolves around from whose pocket the resultant judgment will be paid. However, our review of the applicable law and jurisprudence clearly indicates that the Sewerage and Water Board is not a separate and distinct governmental entity, or a part of state government, but rather is included in and is an integral component of the government known as "The City of New Orleans." We conclude that with regard to a suit brought by an employee of the City for the alleged negligence of an employee of the Board, the City of New Orleans is the employer of both employees, and the injured employee's only recourse is for worker's compensation benefits.

CONCLUSION
We conclude that, under the facts presented, Ford is barred by La.R.S. 23:1032 from suing the Sewerage and Water Board in tort. Plaintiff's exclusive remedy therefore is for worker's compensation benefits and we conclude that plaintiff's petition presents no cause of action against the Board. The trial court erred, as a matter of law, in overruling the Sewerage and Water Board's exception of no cause of action. Bazley v. Tortorich, 397 So.2d 475 (La.1981); Williams v. Charity Hosp. of Louisiana, 499 So.2d 1260 (La. App. 4 Cir.1986).
Since we find this issue dispositive of the case, we do not reach the other issues raised in the appeal concerning liability for maintenance of the bridge and damages.
For the assigned reasons, the judgment of the trial court in favor of Kendrick Ford and against appellant is reversed and plaintiff's suit is hereby dismissed at plaintiff's costs.
REVERSED.